**HERBERT SMITH FREHILLS KRAMER (US) LLP**
Paul H. Schoeman
Jonathan M. Wagner
Irene Weintraub
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100

*Attorneys for Defendants Maisonrouge and Simon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EQUILIBRE BIOPHARMACEUTICALS CORP.,<br><br>                          Debtor. | Chapter 7<br><br>Case No. 23-12099 (PB) |
| GREGORY M. MESSER, Solely in His Capacity as Chapter 7 Trustee of the Estate of Equilibre Biopharmaceuticals Corp.,<br><br>                          Plaintiff,<br><br>       v.<br><br>SAMUEL WAKSAL, individually, as the former Chairperson, Chief Executive Officer, and President of Equilibre Biopharmaceuticals Corp. Chairperson, and Chief Executive Officer and President of Graviton Bioscience Corporation, Graviton Bioscience Holding Corporation, Graviton US Corp. (USA), and Graviton Bioscience B.V., FRANCOIS MAISONROUGE, RUI WU, PETER SIMON, GRAVITON BIOSCIENCE CORPORATION, GRAVITON BIOSCIENCE HOLDING CORPORATION, GRAVITON US CORP. (USA), GRAVITON BIOSCIENCE B.V., BIHUA CHEN,<br><br>                          Defendants. | Adv. Proc. No. 25-01087 (PB) |

**MEMORANDUM OF LAW IN SUPPORT**
<u>**DEFENDANTS MAISONROUGE AND SIMON'S MOTION TO DISMISS**</u>

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 2 |
| ARGUMENT | 4 |
|     I. DEFENDANTS ARE EXCULPATED FROM ANY DUTY OF CARE CLAIM | 5 |
|     II. THE COMPLAINT DOES NOT STATE A DUTY OF LOYALTY CLAIM | 6 |
|         A. The Complaint Does Not Comply With Rule 8(a) | 7 |
|         B. The Complaint Does Not Comply With Rule 9(b) | 9 |
|         C. The Complaint Improperly Relies on Group Pleading | 10 |
|     III. THE COMPLAINT DOES NOT STATE A CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY. | 12 |
|     IV. THE COURT SHOULD DENY LEAVE TO REPLEAD | 13 |
| CONCLUSION | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re 1031 Tax Grp., LLC*,
    420 B.R. 178 (Bankr. S.D.N.Y. 2009) ................................................................. 4, 5

*In re Ampal-Am. Israel Corp.*,
    543 B.R. 464 (Bankr. S.D.N.Y. 2016) ..................................................................... 6

*In re Aramid Ent. Fund Ltd.*,
    664 B.R. 9 (Bankr. S.D.N.Y. 2024) .................................................................... 7, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 7

*Bloom v. Fox News*,
    528 F. Supp 2d 69 (E.D.N.Y. 2007) .................................................................... 8, 9

*City of Birmingham Ret. & Relief Sys. v. Good*,
    177 A.3d 47 (Del. 2017) .................................................................................. 12 n.1

*Converged Compliance Sols., Inc. v. XOP Networks*,
    2024 WL 4665114 (S.D.N.Y. Sept. 25, 2024) ....................................................... 10

*In re Cornerstone Therapeutics Inc. Stockholder Litig.*,
    115 A.3d 1173 (Del. 2015) ...................................................................................... 6

*Electric Last Mile Sols., Inc. Stockholder Litig.*,
    2024 WL 223195 (Del. Ch. Jan. 22, 2024) ............................................................ 12

*Friedman v. Endo Int'l PLC*,
    2018 WL 446189 (S.D.N.Y. Jan. 16, 2018), *aff'd*, 771 F. App'x 494 (2d Cir.
    2019) ................................................................................................................ 13, 14

*In re Hydrogen, L.L.C.*,
    431 B.R. 337 (Bankr. S.D.N.Y. 2010) .................................................................. 8, 9

*ICD Cap., LLC v. CodeSmart Holdings, Inc.*,
    2020 WL 815733 (S.D.N.Y. Feb. 19, 2020) .......................................................... 10

*Krause v. Forex Exch. Market, Inc.*,
    356 F. Supp. 2d 332 (S.D.N.Y. 2005) .................................................................... 13

*La. Mun. Police Emps. Ret. Sys. v. Blankfein*,
 2009 WL 1422868 (S.D.N.Y. May 19, 2009) ...................................................................6

*In re Mindbody, Inc., S'holder Litig.*,
 332 A.3d 349 (Del. 2024) ................................................................................................13

*Nuveen Servs., LLC v. Fuller*,
 2024 WL 4264864 (S.D.N.Y. Aug. 1, 2024) .....................................................................8

*Pereira v. Farace*,
 413 F.3d 330 (2d Cir. 2005), *cert. denied*, 547 U.S. 1147 (2006) ............................................6

*Primiani v. Vintage 185 Inc.*,
 2019 WL 486087 (E.D.N.Y. Feb. 6, 2019) ........................................................................8

*Rombach v. Chang*,
 355 F.3d 164 (2d Cir. 2004) ..............................................................................................5

*Stone v. Ritter*,
 911 A.2d 362 (Del. 2006) .......................................................................................9, 12 n.1

*Szulik v. Tagliaferri*,
 966 F. Supp. 2d 339 (S.D.N.Y. 2013) ...............................................................................4

*In re Tops Holding II Corp.*,
 646 B.R. 617 (Bankr. S.D.N.Y. 2022) ........................................................................10, 11

*Walton v. Morgan Stanley & Co.*,
 623 F.2d 796 (2d Cir. 1980) ..............................................................................................6

**Statutes**

8 Del. C. § 102(b)(7) ..................................................................................................................5

Fed. R. Bankr. P. 7012(b) ...........................................................................................................1

Fed. R. Civ. P. 8(a) .............................................................................................................passim

Fed. R. Civ. P. 9(b) .............................................................................................................passim

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1, 4

Defendants Francois Maisonrouge and Peter Simon respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6), applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), to dismiss the adversary complaint filed by Gregory M. Messer, Trustee of the Equilibre Biopharmaceuticals Corp.

**PRELIMINARY STATEMENT**

The Trustee's Complaint is replete with conclusory and vague allegations that do not meet basic pleading standards or even describe how Messrs. Maisonrouge and Simon have supposedly aggrieved Equilibre and its stakeholders.

The Complaint alleges that Messrs. Maisonrouge and Simon, as former members of the Equilibre Board of Directors, breached their fiduciary duties of care and loyalty by (i) engaging in self-dealing, (ii) assisting Defendant Samuel Waksal in his conversion of Equilibre's intellectual property, and (iii) concealing other misconduct by Mr. Waksal. But the Complaint does not identify how Messrs. Maisonrouge and Simon supposedly engaged in self-dealing, what intellectual property was purportedly converted—much less how these defendants aided that conversion—or provide any details as to how they purportedly concealed Mr. Waksal's misconduct.

As we show below, neither of the two claims against Messrs. Maisonrouge and Simon— for breach of fiduciary duty of care and loyalty, count three, or aiding and abetting breach of fiduciary duty, count four—states a claim:

*First*, Equilibre's Certificate of Incorporation exculpates Board members from any breach of duty of care claim.

*Second*, the Complaint's conclusory allegations are insufficiently particularized to support the Trustee's claims of either direct breach duty of loyalty or aiding-and-abetting liability.

*Third,* because any amendment would be futile, the Court should dismiss with prejudice and without leave to replead.

## FACTUAL BACKGROUND

In addition to the facts set out in the motion to dismiss filed by Defendants Samuel Waksal, Rui Wu, the Graviton entities and Bihua Chen—the "Graviton Defendants"—the following facts alleged in the Complaint, accepted as true solely for the purposes of this motion, bear on the claims against Messrs. Maisonrouge and Simon.

Messrs. Maisonrouge and Simon were members of the Equilibre Board of Directors. Each sat on multiple Board committees, including the Audit Committee. Compl. ¶¶ 17, 19. The Complaint does not make any allegation that they were anything other than disinterested and independent directors, or that they had any management role at Equilibre.

The Trustee alleges that Mr. Waksal, Equilibre's Chair, CEO and President, (*id.* ¶ 26), imported medication unapproved for human consumption into the United States and administered that medication to a child. *Id.* ¶ 3. The Complaint alleges that Mr. Maisonrouge "endorsed" Mr. Waksal's "bad acts," (*id.* ¶ 41), but provides no particulars. The Complaint does not otherwise plead that Messrs. Maisonrouge or Simon assisted in this activity.

In fact, the Complaint itself highlights the diligence with which Messrs. Maisonrouge and Simon, as Equilibre directors and members of the Audit Committee, investigated Mr. Waksal and took prompt action. In March 2022, following a report of Mr. Waksal's conduct, the Audit Committee opened an internal investigation and hired independent outside counsel at Cravath, Swaine & Moore LLP and McDermott Will & Emery LLP. *Id.* ¶¶ 30-31. Based on that investigation, about two months later the Audit Committee recommended that the Board terminate Mr. Waksal, (*id.* ¶ 35), and Mr. Waksal then resigned from Equilibre. *Id.* ¶ 37. The Complaint does not allege that the investigation was deficient in any way.

The nub of the fiduciary duty claims against Messrs. Maisonrouge and Simon is that they facilitated Mr. Waksal's subsequent diversion of Equilibre's intellectual property to Graviton, Mr. Waksal's other company:

- "Waksal, with the assistance of other Defendants, transferred Equilibre's proprietary research, technology, and scientific advancements to Graviton." *Id.* ¶ 37.

- "Upon information and belief, the Defendants Maisonrouge, Wu and Simon failed to take any corrective measures and their intentional or unintentional negligent oversight materially assisted Waksal in his ability [sic] to breach his fiduciary duties and his later misconduct to convert intellectual property to Graviton and interfere with Equilibre's investment opportunities." *Id.* ¶ 43.

- "Upon information and belief, Defendant Waksal, with the knowing support and active concealment of Defendants Maisonrouge, Wu, and Simon, orchestrated a sustained campaign of self-dealing, conversion, and obstruction to the detriment of Equilibre and its stakeholders. Among the most egregious acts, Waksal converted Equilibre's confidential research, preclinical data, and intellectual property for the benefit of Graviton . . . ." *Id.* ¶ 44.

- "Rather than adhering to their fiduciary duties, Defendants Maisonrouge, Wu and Simon aided Waksal by allowing him to divert Equilibre's assets and resources to Graviton, failing to intervene in his misappropriation of corporation opportunities, and covering up his misconduct despite clear evidence of regulatory violations and financial mismanagement." *Id.* ¶ 87.

These boilerplate allegations are not accompanied by any detail concerning Messrs. Maisonrouge and Simon's role in Mr. Waksal's purported misconduct. Equally critical, nowhere does the Complaint identify the intellectual property that Mr. Waksal supposedly diverted to Graviton.

The Trustee's aiding and abetting claim is predicated on these same allegations, which are likewise devoid of factual support. According to the Complaint, "Defendants . . . actively facilitated, concealed, and participated in [Mr. Waksal's] breach[] of fiduciary duty" and "aided Waksal by allowing him to divert Equilibre's assets and resources to Graviton, failing to intervene in his misappropriation of corporate opportunities, and covering up his misconduct despite clear evidence of regulatory violations and financial mismanagement." *See id.* ¶¶ 93-95. Again, beyond

the rote language, nowhere does the pleading identify the intellectual property at issue or particularize Messrs. Maisonrouge and Simon's role in any purported theft.

The Complaint also includes ancillary allegations—all with equally sparse factual support. The pleading alleges among other things that Messrs. Maisonrouge and Simon (i) "breached their fiduciary and legal obligations by tipping off Waksal to government subpoenas served on the Company," (ii) "knowingly permitted" Mr. Waksal to "conduct[] secret Board and committee meetings where material decisions regarding his compensation were purportedly made," and (iii) "relay[ed] defamatory statements to a key Equilibre investor" to "facilitate" efforts to "sabotage the Company." *Id.* ¶¶ 45-46, 49-50. Once again, however, the Trustee does not plead any facts supporting these allegations. Nor does the pleading explain how these alleged events harmed Equilibre.

## ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's factual allegations must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Under Fed. R. Civ. P. 8(a), a complaint must provide sufficient detail to inform a defendant of the nature of the plaintiff's claims. And when a breach of fiduciary duty claim is based on alleged fraudulent conduct, as is the case here, *see*, *e.g.*, Compl. ¶¶ 38, 41, 44, 87, 94 (alleging "active concealment" by Messrs. Maisonrouge and Simon), the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply. *See Szulik v. Tagliaferri*, 966 F. Supp. 2d 339, 358 (S.D.N.Y. 2013). Likewise, "[t]o the extent that the alleged fiduciary breach involves fraud, the plaintiff must also plead the aiding and abetting claim with particularity pursuant to [Rule] 9(b)." *In re 1031 Tax*

- 4 -

*Grp., LLC*, 420 B.R. 178, 191 n.3 (Bankr. S.D.N.Y. 2009). This particularity requirement "serves to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (internal quotations omitted).

The Complaint falls well short of meeting these elemental pleading standards.

*First*, the Trustee cannot sustain a duty of care claim—even were one adequately pleaded—because Equilibre's Certificate of Incorporation exculpates Messrs. Maisonrouge and Simon from duty of care liability.

*Second*, as for Equilibre's duty of loyalty claims, while the Complaint alleges that Messrs. Maisonrouge and Simon engaged in self-dealing, assisted in converting Equilibre's intellectual property and defamed the Company, the pleading does not allege any facts to support these boilerplate allegations.

*Third*, and for the same reasons, the Complaint lacks required detail to sustain a claim for aiding and abetting breach of fiduciary duty.

## I. DEFENDANTS ARE EXCULPATED FROM ANY DUTY OF CARE CLAIM

To the extent the Complaint alleges that Messrs. Maisonrouge and Simon breached their fiduciary duties of care owed to the Company, *see* Compl. ¶ 85, that claim should be dismissed for the simple reason that it is legally barred under 8 Del. C. § 102(b)(7). This provision permits Delaware corporations to exculpate directors from monetary liability for breaches of duty of care. The Certificate of Incorporation of Equilibre, a Delaware corporation, includes an exculpation clause, providing that "[t]o the fullest extent permitted by the DGCL [Delaware General Corporation Law]. . . a director of this corporation shall not be personally liable . . . for breach of fiduciary duty as a director." Declaration of Jonathan M. Wagner, Esq., Exh. A (Equilibre Cert. of Incorporation) at Art. V.

Courts in our Circuit "routinely take judicial notice of exculpation provisions in certificates of incorporation on motions to dismiss." *In re Ampal-Am. Israel Corp.*, 543 B.R. 464, 472-73 (Bankr. S.D.N.Y. 2016) (collecting cases). In turn, it is *de rigueur* for Courts to dismiss duty of care claims against directors of Delaware corporations when—as here—the certificate of incorporation contains an exculpation provision. *See Pereira v. Farace*, 413 F.3d 330, 342 (2d Cir. 2005), *cert. denied*, 547 U.S. 1147 (2006); *see also La. Mun. Police Emps. Ret. Sys. v. Blankfein*, 2009 WL 1422868, at *7 (S.D.N.Y. May 19, 2009) (judicially noticing exculpation provision; director defendants could be liable only for breach of duty of loyalty and good faith).

That leaves only the Trustee's loyalty claims—legally defective for the reasons set forth below.

## II. THE COMPLAINT DOES NOT STATE A DUTY OF LOYALTY CLAIM

To state a duty of loyalty claim under applicable Delaware law, *see Walton v. Morgan Stanley & Co.*, 623 F.2d 796, 798 n.3 (2d Cir. 1980) (state of incorporation governs substantive claim of breach of fiduciary duty), a plaintiff must plead "facts supporting a rational inference that the director harbored self-interest adverse to the stockholders' interests, acted to advance the self-interest of an interested party from whom [she] could not be presumed to act independently, or acted in bad faith." *In re Cornerstone Therapeutics Inc. Stockholder Litig.*, 115 A.3d 1173, 1179-80 (Del. 2015).

The Complaint does not plead any particularized facts supporting a rational inference that Messrs. Maisonrouge and Simon—independent and disinterested directors—acted in self-interest or engaged in self-dealing. Without those required allegations, the Complaint runs afoul of both Rule 8(a) and Rule 9(b).

A. The Complaint Does Not Comply With Rule 8(a)

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the Rule is to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests," so that the defendant may properly defend against the lawsuit. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The Trustee's pleading does not meet this standard.

The Complaint alleges "upon information and belief" that Messrs. Maisonrouge and Simon engaged in self-dealing, assisted Mr. Waksal with the purported conversion of Equilibre's intellectual property, and otherwise breached their fiduciary duties. Compl. ¶ 44. Yet the pleading does not offer any facts supporting a rational inference that these defendants engaged in such misconduct.

The key allegation against Messrs. Maisonrouge and Simon is that "[Mr.] Waksal, with the assistance of the other Defendants transferred Equilibre's proprietary research," (Compl. ¶ 37), and Mr. "Waksal, with the knowing support and active concealment of Defendants Maisonrouge, Wu and Simon . . . converted Equilibre's . . . intellectual property" for the benefit of Mr. Waksal's company, Graviton. *Id.* ¶ 44. Critically, however, the pleading does not articulate what "proprietary research" or "intellectual property" was purportedly transferred—or even how or when Messrs. Maisonrouge and Simon allegedly assisted in that transfer. *See In re Aramid Ent. Fund Ltd.*, 664 B.R. 9, 69 (Bankr. S.D.N.Y. 2024) (dismissing complaint that "fail[s] to allege when and where [defendants] made any actionable statement" in breach of their duties of loyalty). How can Messrs. Maisonrouge and Simon properly defend against this lawsuit if the Complaint does not even identify the intellectual property at stake—nor these defendants' supposed role in the alleged theft of that intellectual property?

Boilerplate allegations of this sort do not meet the notice-pleading requirements of Rule 8(a)—and thus cannot support a claim for breach of duty of loyalty.  "Vague and general allegations" about "certain unspecified transactions . . . cannot form the factual basis for an alleged failure on the part of Defendants to observe their fiduciary duty, as the 'circumstances, occurrences, and events' required to be alleged under Federal Rule of Civil Procedure 8(a) are entirely absent." *In re Hydrogen, L.L.C.*, 431 B.R. 337, 348 (Bankr. S.D.N.Y. 2010) (dismissing complaint that alleged "in the absence of supporting facts" that defendants increased debtor's spending, saddled it with debt, and paid themselves excessive compensation, and "alleged only in a conclusory fashion" that defendants acted in a reckless or grossly negligent manner). *See also Nuveen Servs., LLC v. Fuller*, 2024 WL 4264864, at *14-15 (S.D.N.Y. Aug. 1, 2024) (dismissing duty of loyalty claim;  complaint was "devoid of any factual allegations suggesting that [defendant] . . . usurp[ed] a business opportunity, profit[ed] for himself, or cause[d] any financial detriment to [the company]"); *Primiani v. Vintage 185 Inc.*, 2019 WL 486087, at *4 (E.D.N.Y. Feb. 6, 2019) (dismissing duty of loyalty claim;  pleadings were "devoid of facts demonstrating self-dealing").

The allegations in the Complaint beyond the alleged theft of intellectual property suffer from the same legal defect.  For example, the Complaint alleges that Messrs. Maisonrouge and Simon "relay[ed] defamatory statements to a key Equilibre investor." (Compl. ¶ 50), However, the pleading does not describe the nature or content of the allegedly defamatory statements.  Nor does the pleading particularize when, where, or to whom the supposedly defamatory statements were made.  *Cf. Bloom v. Fox News*, 528 F. Supp 2d 69, 74 (E.D.N.Y. 2007)  ("'federal courts do require that the alleged defamatory statements be pleaded with sufficient specificity to put the defendants on notice'";  pleading must also set out  "who made the statement, when it was made,

the context in which it was made, whether it was made orally or in writing and whether it was made to a third party'") (citations omitted).

The Complaint goes on to allege, based on nothing more than "information and belief," that Messrs. Maisonrouge and Simon (i) "orchestrated a sustained campaign of self-dealing, conversion, and obstruction," (ii) "materially assisted Waksal in his ability to breach his fiduciary duties," and (iii) "were motivated by their expectations to receive personal benefits from their complicity in Waksal's misconduct." Yet the pleading does not provide any factual detail to buttress these otherwise conclusory allegations. Compl. ¶¶ 43-44, 88.

Likewise, the Complaint's allegation that Messrs. Maisonrouge and Simon "tipp[ed] off [Mr.] Waksal to government subpoenas served on the Company," (Compl. ¶ 45), unsupported by any details concerning the nature of that government investigation or the circumstances, timing, or other context in which these defendants alerted Mr. Waksal of a supposed investigation, is similarly too vague to support a breach of fiduciary duty claim. And, the unspecified allegation that Messrs. Maisonrouge and Simon "permitted" Mr. Waksal to "conduct[] secret Board and committee meetings," (Compl. ¶ 46), without more, cannot form the basis of a fiduciary duty claim, as the Trustee does not specify a single fact about the purported meetings. *See In re Hydrogen, L.L.C.*, 431 B.R. at 348. Nor would such conduct demonstrate a "conscious[] fail[ure] to monitor or oversee [Company] operations," even were it adequately pleaded. *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006). And critically, there is no explanation of how these supposed events harmed Equilibre.

B.  The Complaint Does Not Comply With Rule 9(b)

In the unlikely event that the Complaint satisfies Rule 8(a), because the Trustee's allegations against Messrs. Maisonrouge and Simon sound in fraud (Compl. ¶¶ 38, 41, 44, 87, 94, alleging their "active concealment"), the Complaint must meet the heightened pleading

requirements of Rule 9(b). *Converged Compliance Sols., Inc. v. XOP Networks*, 2024 WL 4665114, at *20 (S.D.N.Y. Sept. 25, 2024) ("A breach of fiduciary duty claim may sound in fraud where the underlying conduct alleged has been fraud or the breach is closely linked with fraudulent behavior") (citations omitted). Ignoring this well-established pleading standard, the Complaint does not allege with particularity the circumstances surrounding the purported self-dealing and assistance in conversion of corporate assets. Equally dispositive, the pleading lacks facts that give rise to the required strong inference of fraudulent intent.

The Trustee's fraud-tinged fiduciary duty claims fall well within the ambit of cases dismissing fiduciary duty complaints on Rule 9(b) grounds. *See id.* (allegations that defendant worked for other companies while working for plaintiff were insufficient to demonstrate conflict of interest or self-dealing for a fiduciary duty claim; "Plaintiff's sparse allegations fail to plead a knowing breach of fiduciary duty with the requisite particularity required under Rule 9(b)"); *see also ICD Cap., LLC v. CodeSmart Holdings, Inc.*, 2020 WL 815733, at *8 (S.D.N.Y. Feb. 19, 2020) (granting motion to dismiss; "The [complaint] is replete with assertions such as '[defendant] did not act in good faith and acted with gross negligence and with complete disregard of her obligation to use due care and employ reasonable and prudent investment standards,' but it does not offer <u>any</u> factual allegations that, standing alone, would support or give rise to such a conclusion by, for example, articulating <u>how</u> [defendant] did not act in good faith, or <u>where and when</u> she disregarded her obligation to use due care") (emphasis in original).

### C. The Complaint Improperly Relies on Group Pleading

As a related defect, many of the Complaint's allegations are lodged against "Defendants," without differentiating among the nine defendants. That too runs afoul of bedrock pleading rules. When a plaintiff asserts a claim for breach of fiduciary duty, "plaintiff must well-plead a loyalty breach against each individual director; so-called 'group pleading' will not suffice." *In re Tops*

*Holding II Corp.*, 646 B.R. 617, 701 (Bankr. S.D.N.Y. 2022) (citation omitted). The Trustee's Complaint cannot be squared with this pleading rule, as it often lumps together all defendants into an undifferentiated mass. For example, the Complaint pleads that (i) "Defendants" aided the "transfer[] [of] Equilibre's proprietary research, technology, and scientific advancements"; (ii) "Defendants diverted investors who were prepared to fund Equilibre"; and (iii) "Waksal's bad acts were known to, concealed by, and endorsed by the other Defendants." Compl. ¶¶ 37-38.

Aside from the fact that these allegations are conclusory, *see* pages 7-10 above, they improperly group defendants together and do not give each defendant fair notice of the claims against him or her. That does not satisfy either Rule 8(a) or Rule 9(b). *See In re Aramid Ent. Fund Ltd.*, 664 B.R. at 67-68 (complaint "fail[ed] to differentiate with particularity among the acts or omissions of" four defendants "by consistently grouping them together in pairs," thus failing to "put each of these Defendants on notice of the actionable conduct").

\* \* \*

At bottom, the only concrete factual allegations in the Complaint that concern Messrs. Maisonrouge and Simon suggest that they properly exercised their fiduciary duties. As members of the Equilibre Board's Audit Committee, in March 2022 they opened an investigation into Mr. Waksal in response to reports of misconduct, and hired independent and respected outside counsel to assist with their investigation. And in May 2022, when that investigation concluded, they recommended that the Company terminate Mr. Waksal, who in turn resigned. *See* Compl. ¶¶ 31-31, 35, 37.

Against this backdrop, the Trustee's pleading is far removed from any viable fiduciary duty claims against Messrs. Maisonrouge and Simon, and should be dismissed.[1]

---

[1] To the extent the Trustee's duty of loyalty claim is premised on a *Caremark* violation based on Defendant's alleged "negligent oversight" (Compl. ¶ 43), or "disregard for corporate

## III. THE COMPLAINT DOES NOT STATE A CLAIM FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY.

To state a claim for aiding and abetting—The Trustee's fourth claim—the Complaint must allege: (i) the existence of a fiduciary relationship; (ii) a breach of the fiduciary's duty; and (iii) knowing participation in that breach. *Electric Last Mile Sols., Inc. Stockholder Litig.*, 2024 WL 223195, at *2 (Del. Ch. Jan. 22, 2024).

At the threshold, the aiding and abetting claim should be dismissed for the reasons set forth in the Graviton Defendants' concurrently-filed motion to dismiss, demonstrating that the Trustee has not stated a claim for Mr. Waksal's underlying breach of fiduciary duty. If the fiduciary duty claim against the primary actor fails, then any aiding and abetting claim cannot stand. *Id.*

Beyond that legal obstacle, the Trustee's claim that Messrs. Maisonrouge and Simon aided and abetted a breach of fiduciary duty is predicated on the same core facts and suffers from the same defects as the substantive fiduciary duty claim. *See* pages 7-10 above. The Complaint does not allege plausible or particularized facts supporting the claim that Messrs. Maisonrouge and Simon participated in Mr. Waksal's alleged self-dealing and conversion, let alone knowingly participated in such conduct—as required to establish their liability.

Likewise, the conclusory assertion that "as members of Equilibre's Board of Directors . . . each had actual knowledge of Waksal's misconduct," (Compl. ¶ 87), is insufficient to plead the required element of Messrs. Maisonrouge and Simon's actual knowledge of the

---

governance rules" (*id.* ¶ 87), those allegations rely on "'possibly the most difficult theory in corporation law upon which a plaintiff might hope to win a judgment.'" *City of Birmingham Ret. & Relief Sys. v. Good*, 177 A.3d 47, 55 (Del. 2017) (citation omitted). To state such a *Caremark* claim, a plaintiff must plausibly allege facts demonstrating that Messrs. Maisonrouge and Simon (i) "utterly failed to implement any reporting or information system or controls"; or (ii) "having implemented such a system or control, consciously failed to monitor or oversee its operations." *Stone*, 911 A.2d at 370. The Complaint is devoid of any such allegations.

underlying breach. *See Krause v. Forex Exch. Market, Inc.*, 356 F. Supp. 2d 332, 339 (S.D.N.Y. 2005) ("conclusory" and "sparse" allegation that defendant "knew" of the underlying misconduct, with "no factual basis [] given for this assertion" is not sufficient to survive a motion to dismiss).

The Complaint is also missing any allegation that Messrs. Maisonrouge or Simon had knowledge that their conduct was improper—another show-stopper, as recent Delaware law decisions make clear. *See In re Mindbody, Inc., S'holder Litig.*, 332 A.3d 349, 390-91 (Del. 2024) (knowledge element of aiding and abetting claim requires specific facts demonstrating that "an aider and abettor know that the *primary party's* conduct constitutes a breach," and as well, "'that *its own* conduct regarding the breach was legally improper'") (citation omitted).

Lacking these required particulars, on multiple grounds the Complaint does not state an aiding and abetting claim against Messrs. Maisonrouge or Simon.

## IV. THE COURT SHOULD DENY LEAVE TO REPLEAD

Finally, the Court's dismissal should be with prejudice, and without leave to replead.

Messrs. Maisonrouge and Simon were outside, independent directors of Equilibre; the Complaint does not allege otherwise. Nor does the Complaint particularize any personal benefit that these defendants obtained on account of Mr. Waksal's supposed theft of intellectual property.

Under these circumstances, Equilibre will never be able to state a claim against Messrs. Maisonrouge and Simon, and therefore leave to amend should be denied. *See Friedman v. Endo Int'l PLC*, 2018 WL 446189, at *7 (S.D.N.Y. Jan. 16, 2018) (leave to amend denied when "amendment [] would likely be futile" and "Plaintiffs have not 'given any indication that [they are] in possession of facts that would cure the problems identified in this opinion'") (citation omitted), *aff'd*, 771 F. App'x 494 (2d Cir. 2019).

## **CONCLUSION**

For the reasons set forth here and in the motion to dismiss filed by the Graviton Defendants, the Court should dismiss the claims against Messrs. Maisonrouge and Simon with prejudice and without leave to replead.

Dated: New York, New York
      July 21, 2025

                                HERBERT SMITH FREEHILLS KRAMER (US) LLP

                                /s/ *Paul H. Schoeman*
                                Paul H. Schoeman
                                Jonathan M. Wagner
                                Irene Weintraub
                                1177 Avenue of the Americas
                                New York, New York 10036
                                Telephone: (212) 715-9100
                                Facsimile: (212) 715-8000
                                Email: Paul.Schoeman@hsfkramer.com
                                                  Jonathan.Wagner@hsfkramer.com
                                                  Irene.Weintraub@hsfkramer.com

                                *Attorneys for Defendants Maisonrouge and Simon*