Exhibit 1

**OPRICHTING BESLOTEN VENNOOTSCHAP MET BEPERKTE AANSPRAKELIJKHEID**
*(Graviton Bioscience B.V.)*



*HEUSSEN*
Advocaten & Notarissen

De Entree 139-141
1101 HE Amsterdam
T: +31(0)20 312 2800
info@heussen-law.nl

Op dertien juli tweeduizend éénentwintig is voor mij, mr. Juliëtte Louise Catharina Schueler, notaris te Amsterdam, Nederland, verschenen: -------------------------------------------------------------
Chantal Koopen, geboren te Amsterdam, Nederland, op tweeëntwintig november --------------------
negentienhonderd éénenzeventig, te dezen handelend als schriftelijk gevolmachtigde van: ---------
**Graviton US Corp.**, een vennootschap bestaand naar het recht van de Staat Delaware, -----------
Verenigde Staten van Amerika, met hoofdkantoor te 430 East 29th Street, Suite 945, New York,
NY 10016, Verenigde Staten van Amerika, en geregistreerd adres te 850 New Burton Road, ------
Suite 201, Dover, Kent DE 19904, Verenigde Staten van Amerika, geregistreerd bij de Delaware -
Secretary of State afdeling vennootschappen onder nummer 6048659 (de "**Oprichter**"). ------------
De comparant, handelend als gemeld, heeft verklaard dat de Oprichter hierbij een besloten --------
vennootschap met beperkte aansprakelijkheid opricht met de volgende statuten. --------------------
**Statuten:** ----------------------------------------------------------------------------------------------------------
**Definities.** ----------------------------------------------------------------------------------------------------------
**Artikel 1.** ----------------------------------------------------------------------------------------------------------
In deze statuten wordt verstaan onder: --------------------------------------------------------------------------

a. **aandeel**: een aandeel in het kapitaal van de vennootschap; ------------------------------------------
b. **aandeelhouder**: een houder van één (1) of meer aandelen; -------------------------------------------
c. **accountant**: een registeraccountant of een andere accountant als bedoeld in artikel -----
2:393 BW dan wel een organisatie waarin zodanige accountants samenwerken; ----------
d. **algemene vergadering**: het orgaan dat gevormd wordt door aandeelhouders dan wel --
de bijeenkomst waarin de aandeelhouders en de overige vergadergerechtigden ----------
vergaderen; ----------------------------------------------------------------------------------------------------
e. **belet**: belet als bedoeld in artikel 2:244 lid 4 BW, waaronder begrepen de situatie dat de
betreffende directeur schriftelijk heeft aangegeven dat sprake is van belet gedurende ---
een bepaalde periode; ----------------------------------------------------------------------------------------
f. **BW**: het Burgerlijk Wetboek; ----------------------------------------------------------------------------------
g. **directeur**: een lid van de directie; tenzij het tegendeel blijkt, is daaronder zowel ----------
begrepen iedere directeur A als iedere directeur B; ------------------------------------------------
h. **directeur A**: een lid van de directie met de titel directeur A; -------------------------------------
i. **directeur B**: een lid van de directie met de titel directeur B; -------------------------------------
j. **directie**: het bestuur van de vennootschap; ------------------------------------------------------------
k. **dochtermaatschappij**: een dochtermaatschappij van de vennootschap als bedoeld in --
artikel 2:24a BW; ------------------------------------------------------------------------------------------------
l. **gekwalificeerde meerderheid**: een meerderheid groter dan volstrekte meerderheid; ----
m. **jaarrekening**: de balans en winst- en verliesrekening met de toelichting, als bedoeld in -
artikel 2:361 BW; ------------------------------------------------------------------------------------------------
n. **schriftelijk**: bij brief, telefax, e-mail of andere gangbare communicatiekanalen ------------
overgebrachte boodschap die op schrift of langs elektronische weg kan worden -----------

1

ontvangen, mits het bericht leesbaar en reproduceerbaar is en de identiteit van de -------
verzender met afdoende zekerheid kan worden vastgesteld; ------------------------------------

o.   **vennootschap**: de besloten vennootschap met beperkte aansprakelijkheid waarvan de
interne organisatie wordt beheerst door deze statuten; ----------------------------------------

p.   **vergaderrecht**: het recht om, in persoon of bij schriftelijk gevolmachtigde, de algemene
vergadering bij te wonen en daar het woord te voeren; ---------------------------------------

q.   **vergadergerechtigde**: een (rechts)persoon aan wie het vergaderrecht toekomt; ----------

r.   **volstrekte meerderheid**: vijftig procent (50%) plus één (1) stem. ----------------------------

Tenzij anders blijkt of kennelijk anders is bedoeld omvat een verwijzing naar een begrip of -----
woord in het enkelvoud een verwijzing naar de meervoudsvorm van dit begrip of woord en vice
versa. -------------------------------------------------------------------------------------------

Verwijzingen naar "artikelen" zijn verwijzingen naar artikelen van deze statuten tenzij ------------
uitdrukkelijk anders aangegeven. -----------------------------------------------------------------

**Naam en zetel.** ----------------------------------------------------------------------------------

**Artikel 2.** ---------------------------------------------------------------------------------------

1.   De vennootschap draagt de naam: **Graviton Bioscience B.V.** ---------------------------------

2.   Zij heeft haar statutaire zetel te Amsterdam, Nederland. -------------------------------------

**Doel.** -------------------------------------------------------------------------------------------

**Artikel 3.** ---------------------------------------------------------------------------------------

De vennootschap heeft ten doel: ------------------------------------------------------------------

a.   het ontwikkelen, importeren, exporteren, verkopen van en de handel in farmaceutische -
producten en producten van biotechnologie; ------------------------------------------------

b.   het verrichten van onderzoeks- en ontwikkelingsactiviteiten op het gebied van -------------
farmaceutische producten en producten van biotechnologie; ------------------------------------

c.   het aangaan van technologiepartnerschappen, technische samenwerking en joint --------
ventures; ----------------------------------------------------------------------------------

d.   het oprichten van, het op enigerlei wijze deelnemen in, het besturen van en het toezicht
houden op ondernemingen en vennootschappen; -----------------------------------------------

e.   het financieren van ondernemingen en vennootschappen; ---------------------------------------

f.   het lenen, uitlenen en bijeenbrengen van gelden daaronder begrepen, het uitgeven van
obligaties, schuldbrieven of andere waardepapieren, alsmede het aangaan van -----------
daarmee samenhangende overeenkomsten; -----------------------------------------------------

g.   het zekerheid stellen of zich hoofdelijk naast of voor anderen verbinden; --------------------

h.   het verstrekken van adviezen en het verlenen van diensten aan ondernemingen en -------
vennootschappen waarmee de vennootschap in een groep is verbonden en aan derden;

i.   het verstrekken van garanties, het verbinden van de vennootschap en het bezwaren van
activa van de vennootschap ten behoeve van ondernemingen en vennootschappen -----
waarmee de vennootschap in een groep is verbonden en ten behoeve van derden; ------

j.   het verkrijgen, beheren, bezwaren, exploiteren en vervreemden van registergoederen --

2



en van vermogen in het algemeen; -----------------------------------------------------------

k.     het verhandelen van valuta, effecten en vermogenswaarden in het algemeen; -------------

l.     het ontwikkelen, exploiteren en verhandelen van patenten, merkrechten, vergunningen, know how, licenties en andere intellectuele en industriële eigendomsrechten; -------------

m.    het verrichten van alle soorten industriële, financiële en commerciële activiteiten; ---------

en al hetgeen met vorenstaande verband houdt of daartoe bevorderlijk kan zijn, alles in de -----
ruimste zin van het woord. ------------------------------------------------------------------------

**Kapitaal. Aandelen.** --------------------------------------------------------------------------

**Artikel 4.** ---------------------------------------------------------------------------------------

1.     Het kapitaal van de vennootschap bestaat uit één (1) of meer gewone aandelen met ----
een nominale waarde van één euro (EUR 1) elk. -------------------------------------------

2.     Ten minste één (1) aandeel wordt gehouden door een ander dan en anders dan voor ---
rekening van de vennootschap of één (1) van haar dochtermaatschappijen. ---------------

**Aandelen op naam. Aandeelbewijzen.** --------------------------------------------------------

**Artikel 5.** ---------------------------------------------------------------------------------------

1.     Alle aandelen luiden op naam en zijn doorlopend genummerd vanaf 1. ----------------------

2.     Er worden geen aandeelbewijzen uitgegeven. --------------------------------------------

**Uitgifte van aandelen.** -----------------------------------------------------------------------

**Artikel 6.** ---------------------------------------------------------------------------------------

1.     Uitgifte van aandelen geschiedt ingevolge een besluit van de algemene vergadering. De algemene vergadering kan haar bevoegdheid hiertoe overdragen aan een ander orgaan en kan deze overdracht herroepen. ---------------------------------------------------

2.     Bij het besluit tot uitgifte worden de uitgifteprijs en de verdere voorwaarden van uitgifte -
bepaald. -------------------------------------------------------------------------------

3.     De vennootschap kan bij uitgifte van aandelen geen eigen aandelen nemen. ---------------

4.     Het hiervoor in dit artikel bepaalde is van overeenkomstige toepassing op het verlenen -
van rechten tot het nemen van aandelen, maar is niet van toepassing op het uitgeven ---
van aandelen aan iemand die een voordien reeds verkregen recht tot het nemen van ----
aandelen uitoefent. --------------------------------------------------------------------

5.     Voor de uitgifte van aandelen is voorts vereist een daartoe bestemde ten overstaan van
een in Nederland standplaats hebbende notaris verleden akte waarbij de betrokkenen --
partij zijn. -----------------------------------------------------------------------------

**Voorkeursrecht.** -----------------------------------------------------------------------------

**Artikel 7.** ---------------------------------------------------------------------------------------

Bij de uitgifte van aandelen en het verlenen van rechten tot het nemen van aandelen heeft een
aandeelhouder geen voorkeursrecht. ------------------------------------------------------------

**Storting op aandelen.** ------------------------------------------------------------------------

**Artikel 8.** ---------------------------------------------------------------------------------------

1.     Bij het nemen van het aandeel moet daarop het nominale bedrag worden gestort. --------

3

Bedongen kan worden dat het nominale bedrag of een deel daarvan eerst behoeft te ---- worden gestort na verloop van een bepaalde tijd of nadat de vennootschap het zal ------- hebben opgevraagd. --------------------------------------------------------------------------

2. De directie is bevoegd tot het aangaan van rechtshandelingen betreffende inbreng op -- aandelen anders dan in geld en van de andere rechtshandelingen als genoemd in ------- artikel 2:204 BW zonder voorafgaande goedkeuring van de algemene vergadering. ------

3. Stortingen in een andere geldeenheid dan die waarin het nominale bedrag van de ------- aandelen luidt, kan slechts geschieden met toestemming van de vennootschap. ---------

**Verkrijging van eigen aandelen. --------------------------------------------------------------**
**Artikel 9. ---------------------------------------------------------------------------------------**

1. De directie beslist over de verkrijging van aandelen in het kapitaal van de ------------------ vennootschap. Verkrijging door de vennootschap van niet volgestorte aandelen in haar - kapitaal is nietig. ----------------------------------------------------------------------------

2. De vennootschap mag, behalve om niet, geen volgestorte aandelen verkrijgen indien: --
   a. haar eigen vermogen, verminderd met de verkrijgingsprijs, kleiner is dan de ------- reserves die krachtens de wet of de statuten moeten worden aangehouden; of ----
   b. de directie haar goedkeuring daarvoor heeft geweigerd omdat zij weet of ----------- redelijkerwijs heeft voorzien dat de vennootschap na de verkrijging niet zal --------- kunnen blijven voortgaan met het betalen van haar opeisbare schulden. -----------

3. De vorige leden gelden niet voor aandelen die de vennootschap onder algemene titel --- verkrijgt. -------------------------------------------------------------------------------------

4. Onder het begrip aandelen in dit artikel zijn certificaten daarvan begrepen. ----------------

**Kapitaalvermindering. -----------------------------------------------------------------------------**
**Artikel 10. --------------------------------------------------------------------------------------**

1. De algemene vergadering kan besluiten tot vermindering van het geplaatste kapitaal ---- door intrekking van aandelen of door het bedrag van aandelen bij statutenwijziging te --- verminderen. ---------------------------------------------------------------------------------

2. Kapitaalsvermindering dient te geschieden met inachtneming van de daarvoor geldende wettelijke bepalingen. -------------------------------------------------------------------------

3. Een besluit tot vermindering van het geplaatste kapitaal met terugbetaling op de ---------- aandelen heeft geen gevolgen zolang de directie geen goedkeuring heeft verleend. De - directie weigert slechts de goedkeuring indien het weet of redelijkerwijs behoort te ------- voorzien dat de vennootschap na terugbetaling op de aandelen niet zal kunnen blijven -- voortgaan met het betalen van haar opeisbare schulden. ------------------------------------

**Levering van aandelen. Aandeelhoudersrechten. ----------------------------------------------**
**Artikel 11. --------------------------------------------------------------------------------------**

1. Voor de levering van een aandeel is vereist een daartoe bestemde ten overstaan van --- een in Nederland standplaats hebbende notaris verleden akte waarbij de betrokkenen -- partij zijn. -------------------------------------------------------------------------------------

4



2. Behoudens in het geval dat de vennootschap zelf bij de rechtshandeling partij is, --------- kunnen de aan het aandeel verbonden rechten eerst worden uitgeoefend nadat de ----- vennootschap de rechtshandeling heeft erkend of de akte aan haar is betekend ----------- overeenkomst het in de wet daaromtrent bepaalde, dan wel de vennootschap deze ---- overdracht heeft erkend door inschrijving in het register van aandeelhouders. -------------

**Vruchtgebruik. Pandrecht.** ----------------------------------------------------------------------

**Artikel 12.** -----------------------------------------------------------------------------------------

1. Op aandelen kan vruchtgebruik of pandrecht worden gevestigd. -------------------------------

2. Het bepaalde in artikel 11 is van overeenkomstige toepassing op de vestiging of ---------- levering van een pandrecht op aandelen en op de vestiging of levering van een ----------- vruchtgebruik op aandelen. ----------------------------------------------------------------------

3. Bij vestiging van een vruchtgebruik of een pandrecht op een aandeel kan het stemrecht, met inachtneming van de wettelijke bepalingen, aan de vruchtgebruiker of de ------------- pandhouder worden toegekend. -------------------------------------------------------------------

4. De aandeelhouder die vanwege een vruchtgebruik of een pandrecht geen stemrecht ---- heeft en de vruchtgebruiker of pandhouder die stemrecht heeft, hebben -------------------- vergaderrechten. Het vergaderrecht kan ook worden toegekend aan de vruchtgebruiker of pandhouder die geen stemrecht heeft, met inachtneming van hetgeen terzake in de -- wet is bepaald. -----------------------------------------------------------------------------------

**Certificaten.** ---------------------------------------------------------------------------------------

**Artikel 13.** -----------------------------------------------------------------------------------------

Aan houders van certificaten van aandelen kunnen geen vergaderrechten worden toegekend. ----

**Overdraagbaarheid aandelen.** -----------------------------------------------------------------

**Artikel 14.** -----------------------------------------------------------------------------------------

De overdracht van aandelen is niet beperkt in de zin van artikel 2:195 BW. ----------------------

**Register van aandeelhouders.** -----------------------------------------------------------------

**Artikel 15.** -----------------------------------------------------------------------------------------

1. De directie houdt een register waarin de namen en adressen van alle aandeelhouders -- zijn opgenomen, met vermelding van de datum waarop zij de aandelen hebben --------- verkregen, de datum van de erkenning of betekening, alsmede met vermelding van het - op ieder aandeel gestorte bedrag en voor zover van toepassing, de overige gegevens -- bedoeld in artikel 2:194 BW. --------------------------------------------------------------------

2. In het register worden tevens opgenomen de namen en adressen van hen die een recht van vruchtgebruik of pandrecht op aandelen hebben, met vermelding van de datum ----- waarop zij het recht hebben verkregen, de datum van erkenning of betekening, alsmede met vermelding welke aan de aandelen verbonden rechten hun toekomen. ----------------

3. Iedere aandeelhouder, iedere vruchtgebruiker en iedere pandhouder verschaft aan de -- directie tijdig de overige nodige gegevens. --------------------------------------------------

4. Het register wordt regelmatig bijgehouden. -----------------------------------------------------

5

5. De directie legt het register ten kantore van de vennootschap ter inzage van de ----------- vergadergerechtigden. -------------------------------------------------------------------------------

**Directie.** -------------------------------------------------------------------------------------------------

**Artikel 16.** ------------------------------------------------------------------------------------------------

1. De directie bestaat uit één (1) of meer directeuren A en één (1) of meer directeuren B. ------ Zowel natuurlijke personen als rechtspersonen kunnen directeur zijn. --------------------------

2. Directeuren B dienen voor fiscale doeleinden ingezetenen van Nederland te zijn. ---------

3. De algemene vergadering bepaalt het aantal directeuren, met dien verstande dat het ---- aantal directeuren B ten minste gelijk dient te zijn aan het aantal directeuren A. ----------

**Benoeming, schorsing en ontslag.** ------------------------------------------------------------------

**Artikel 17.** ------------------------------------------------------------------------------------------------

1. De directeuren worden benoemd door de algemene vergadering. -----------------------------

2. Iedere directeur kan te allen tijde door de algemene vergadering worden geschorst en -- ontslagen. -----------------------------------------------------------------------------------------------

**Bezoldiging.** -----------------------------------------------------------------------------------------------

**Artikel 18.** ------------------------------------------------------------------------------------------------

De bezoldiging en de verdere arbeidsvoorwaarden van iedere directeur worden vastgesteld --- door de algemene vergadering. -----------------------------------------------------------------------------

**Bestuurstaak. Besluitvorming. Taakverdeling.** -------------------------------------------------

**Artikel 19.** ------------------------------------------------------------------------------------------------

1. De directie is belast met het besturen van de vennootschap. Bij de vervulling van hun --- taak richten de directeuren zich naar het belang van de vennootschap en de met haar -- verbonden onderneming. ------------------------------------------------------------------------------

2. De directie vergadert zo dikwijls een directeur het verlangt, maar tenminste éénmaal per jaar. Een directeur mag zich ter vergadering van de directie laten vertegenwoordigen --- door een schriftelijk gevolmachtigde mededirecteur. ---------------------------------------------

3. Alle besluiten van de directie worden genomen met volstrekte meerderheid van de ------- geldig uitgebrachte stemmen uitgebracht in een vergadering waarin ten minste één (1) - directeur A en één (1) directeur B aanwezig of vertegenwoordigd zijn en een --------------- meerderheid van de directeuren aanwezig of vertegenwoordigd is. Voormeld quorum --- vindt geen toepassing indien alle directeuren van een bepaalde soort vanwege een ------ persoonlijk belang als bedoeld in lid 6 van dit artikel zijn uitgesloten van deelname aan - de beraadslaging en besluitvorming. Bij staking van stemmen beslist de algemene ------- vergadering. --------------------------------------------------------------------------------------------

4. Iedere directeur is bevoegd tot het uitbrengen van één (1) stem in een vergadering van - de directie. ---------------------------------------------------------------------------------------------

5. Indien een directeur direct of indirect een persoonlijk tegenstrijdig belang heeft met de -- vennootschap en de met haar verbonden onderneming neemt hij geen deel aan de ------- beraadslaging en besluitvorming terzake binnen het bestuur. Indien hierdoor geen -------



bestuursbesluit kan worden genomen, wordt het besluit genomen door de algemene ---- vergadering. --------------------------------------------------------------------------------

6. De directie kan ook buiten vergadering besluiten nemen, mits dit schriftelijk geschiedt en alle stemgerechtigde directeuren met deze wijze van besluitvorming hebben ingestemd.

7. De directie kan, met inachtneming van deze statuten, een reglement vaststellen waarin aangelegenheden haar intern betreffende worden geregeld. Voorts kunnen de ------------ directeuren, al dan niet bij reglement, hun werkzaamheden onderling verdelen. ----------

8. De directie is gehouden de aanwijzingen van de algemene vergadering op te volgen, --- tenzij de aanwijzingen in strijd zijn met het belang van de vennootschap en de met haar verbonden onderneming. ----------------------------------------------------------------------

**Goedkeuring van besluiten van de directie.** ----------------------------------------------------

**Artikel 20.** ----------------------------------------------------------------------------------------------

1. De algemene vergadering is bevoegd besluiten van de directie aan haar goedkeuring te onderwerpen. Deze besluiten dienen duidelijk omschreven te worden en schriftelijk aan de directie medegedeeld te worden. ---------------------------------------------------------------

2. Het ontbreken van een goedkeuring als bedoeld in lid 1 van dit artikel tast de ------------ vertegenwoordigingsbevoegdheid van de directie of directeuren niet aan. -------------------

**Ontstentenis of belet.** -----------------------------------------------------------------------------

**Artikel 21.** ----------------------------------------------------------------------------------------------

1. In geval van ontstentenis of belet van een directeur zijn de andere directeuren tijdelijk --- met het bestuur van de vennootschap belast, mits nog ten aanzien van ten minste één - (1) directeur A en één (1) directeur B geen sprake is van ontstentenis of belet. -----------

2. In geval van ontstentenis of belet van alle directeuren of van de enige directeur van een bepaalde soort, A of B, is de persoon die daartoe door de algemene vergadering wordt - aangewezen, tezamen met de directeur of directeuren van de andere soort, of tezamen met de tijdelijk bestuurder van de andere soort, tijdelijk met het bestuur van de ------------ vennootschap belast. -----------------------------------------------------------------------------

3. Ingeval van ontstentenis van alle directeuren neemt de in het vorige lid bedoelde --------- persoon zo spoedig mogelijk de nodige maatregelen teneinde een definitieve -------------- voorziening te doen treffen. -------------------------------------------------------------------

4. Bij de vaststelling in hoeverre directeuren aanwezig of vertegenwoordigd zijn, ------------- instemmen met een wijze van besluitvorming of stemmen, wordt geen rekening ---------- gehouden met vacante directiezetels en directeuren die belet zijn. ------------------------

5. Onder belet wordt in dit artikel verstaan: ----------------------------------------------------

    a. schorsing; ---------------------------------------------------------------------------

    b. ziekte; --------------------------------------------------------------------------------

    c. onbereikbaarheid, --------------------------------------------------------------------

    waarbij in de gevallen bedoeld onder sub (b) en (c) van dit lid 5 gedurende een termijn - van (5) dagen niet de mogelijkheid van contact tussen de directeur en de vennootschap

heeft bestaan, tenzij de algemene vergadering in een voorkomend geval een andere ---- termijn vaststelt. ----------------------------------------------------------------------

**Vertegenwoordiging.** ----------------------------------------------------------------------

**Artikel 22.** ----------------------------------------------------------------------

1. De directie is bevoegd de vennootschap te vertegenwoordigen. De bevoegdheid tot ----- vertegenwoordiging komt mede aan één (1) directeur A en één (1) directeur B ------------- gezamenlijk handelend toe. ----------------------------------------------------------------------

2. De directie kan functionarissen met algemene of beperkte ------------------------------- vertegenwoordigingsbevoegdheid aanstellen. Elk hunner vertegenwoordigt de ------------ vennootschap met inachtneming van de begrenzing aan zijn bevoegdheid gesteld. Hun titulatuur wordt door de directie bepaald. Deze functionarissen kunnen worden ----------- ingeschreven in het handelsregister van de Kamer van Koophandel, met vermelding van de omvang van hun vertegenwoordigingsbevoegdheid. ----------------------------------------

**Boekjaar. Jaarrekening.** ----------------------------------------------------------------------

**Artikel 23.** ----------------------------------------------------------------------

1. Het boekjaar van de vennootschap valt samen met het kalenderjaar. ------------------------

2. Jaarlijks binnen vijf (5) maanden na afloop van het boekjaar, behoudens verlenging van deze termijn met ten hoogste vijf (5) maanden door de algemene vergadering op grond van bijzondere omstandigheden, maakt de directie een jaarrekening op en legt het deze voor de aandeelhouders ter inzage ten kantoor van de vennootschap. Binnen deze ------ termijn legt de directie ook het bestuursverslag ter inzage voor de aandeelhouders, ------ tenzij de artikelen 2:396 lid 7 of 2:403 BW voor de vennootschap gelden. --------------------

3. De jaarrekening bestaat ten minste uit een balans, een winst- en verliesrekening en een toelichting. ----------------------------------------------------------------------

4. De jaarrekening wordt ondertekend door alle directeuren. Ontbreekt de ondertekening -- van één (1) of meer van hen, dan wordt daarvan onder opgave van reden melding ------- gemaakt. ----------------------------------------------------------------------

**Accountant.** ----------------------------------------------------------------------

**Artikel 24.** ----------------------------------------------------------------------

1. De vennootschap kan, en indien daartoe wettelijk verplicht zal, aan een accountant de -- opdracht verlenen tot onderzoek van de jaarrekening. ----------------------------------------

2. Tot het verlenen van de opdracht is de algemene vergadering bevoegd. Gaat deze ------ daartoe niet over veertien (14) dagen na verzoek daartoe van de directie, dan is de ------ directie bevoegd. De opdracht kan worden ingetrokken door de algemene vergadering - en door degene die haar heeft verleend. De opdracht kan enkel worden ingetrokken om gegronde redenen; daartoe behoort niet een meningsverschil over methoden van -------- verslaggeving of controlewerkzaamheden. ----------------------------------------------------------------------

3. De accountant brengt omtrent zijn onderzoek verslag uit aan de directie. --------------------

4. De accountant geeft de uitslag van zijn onderzoek weer in een verklaring omtrent de ----



getrouwheid van de jaarrekening. ------------------------------------------------------------

5. Het hiervoor in dit artikel bepaalde kan buiten toepassing blijven indien de ------------------
vennootschap ingevolge de wet is vrijgesteld van de in lid 1 bedoelde verplichting. -------

**Vaststelling jaarrekening. Décharge. Openbaarmaking.** --------------------------------------------

**Artikel 25.** ----------------------------------------------------------------------------------------------

1. De algemene vergadering stelt de jaarrekening vast. Vaststelling van de jaarrekening ---
strekt niet tot décharge van een directeur. De algemene vergadering kan bij afzonderlijk
besluit décharge verlenen aan een directeur. --------------------------------------------------

2. De vennootschap is verplicht tot openbaarmaking van haar jaarrekening binnen acht (8)
dagen na de vaststelling daarvan, tenzij een wettelijke vrijstelling van toepassing is. -----

**Winstuitkeringen.** --------------------------------------------------------------------------------------

**Artikel 26.** ----------------------------------------------------------------------------------------------

1. De algemene vergadering is bevoegd tot bestemming van de winst die door vaststelling
van de jaarrekening is bepaald dan wel bepaling van de wijze waarop een tekort zal -----
worden verwerkt, alsmede tot vaststelling van uitkeringen voor zover het eigen ------------
vermogen groter is dan de reserves die krachtens de wet moeten worden aangehouden.

2. Een besluit tot uitkering heeft geen gevolgen zolang de directie geen goedkeuring heeft
verleend. De directie weigert slechts de goedkeuring indien het weet of redelijkerwijs ----
behoort te voorzien dat de vennootschap na de uitkering niet zal kunnen blijven -----------
voortgaan met het betalen van haar opeisbare schulden. ---------------------------------------

3. Uitkeringen zijn opeisbaar op de dag welke de algemene vergadering bepaalt. ------------

4. De algemene vergadering kan besluiten dat uitkeringen geheel of gedeeltelijk in andere
vorm dan geld zullen worden uitgekeerd. --------------------------------------------------------

5. Bij de berekening van de winstverdeling tellen de aandelen die de vennootschap in haar
kapitaal houdt niet mede. ----------------------------------------------------------------------------

6. Bij de berekening van het bedrag dat op ieders aandeel zal worden uitgekeerd, komt ----
slechts het bedrag van de verplichte storting op het nominale bedrag van de aandelen in
aanmerking. ----------------------------------------------------------------------------------------------

7. De vordering van de aandeelhouder tot uitkering verjaart door een tijdsverloop van vijf --
(5) jaren. ---------------------------------------------------------------------------------------------------

8. Op aandelen die de vennootschap in haar kapitaal houdt, vindt geen uitkering plaats, ---
tenzij een pandrecht of vruchtgebruik op die aandelen is gevestigd en de bevoegdheid -
tot inning van een uitkering respectievelijk het recht op uitkering toekomt aan de ----------
pandhouder respectievelijk de vruchtgebruiker. Bij de berekening van uitkeringen tellen
de aandelen waarop ingevolge dit lid geen uitkering plaatsvindt, niet mee. -----------------

**Jaarvergadering en andere vergaderingen.** ----------------------------------------------------------

**Artikel 27.** ----------------------------------------------------------------------------------------------

1. Tijdens ieder boekjaar wordt tenminste één (1) algemene vergadering, de ------------------
jaarvergadering, gehouden of wordt ten minste eenmaal overeenkomstig artikel 33 ------

9

besloten. ---------------------------------------------------------------------------------------------

2. De agenda van de in lid 1 genoemde jaarvergadering vermeldt onder meer de volgende punten: ------------------------------------------------------------------------------------------

    a. het bestuursverslag, indien de wet verlangt dat een bestuursverslag wordt --------- opgemaakt; ------------------------------------------------------------------------------

    b. vaststelling van de jaarrekening, behoudens ingeval uitstel voor het opmaken van de jaarrekening is verleend; ---------------------------------------------------------

    c. vaststelling van de winstbestemming; ----------------------------------------------

    d. de verlening van décharge van de directeuren voor haar bestuur over het ---------- afgelopen boekjaar; ------------------------------------------------------------------

    e. andere voorstellen, door de directie dan wel door de aandeelhouders of ander ---- vergadergerechtigden, tezamen vertegenwoordigende ten minste één honderdste (1/100) gedeelte van het geplaatste kapitaal van de vennootschap, aan de orde -- gesteld en aangekondigd met inachtneming van het bepaalde in de statuten. ------

3. Andere algemene vergaderingen worden gehouden zo dikwijls de directie zulks nodig -- acht. ----------------------------------------------------------------------------------------

**Oproeping en agenda.** --------------------------------------------------------------------------

**Artikel 28.** ----------------------------------------------------------------------------------------

1. De algemene vergaderingen worden door de directie bijeengeroepen, onverminderd het bepaalde in lid 2 van dit artikel. ------------------------------------------------------------

2. Aandeelhouders en/of ander vergadergerechtigden tezamen vertegenwoordigende ten - minste één honderdste (1/100) gedeelte van het geplaatste kapitaal van de ---------------- vennootschap hebben het recht aan de directie schriftelijk te verzoeken een algemene - vergadering bijeen te roepen, onder nauwkeurige opgave van de te behandelen ---------- onderwerpen. Indien de directie niet zodanig tijdig tot oproeping is overgegaan, dat de -- vergadering binnen vier (4) weken na het verzoek kan worden gehouden, zijn de --------- verzoekers zelf tot bijeenroeping bevoegd. -----------------------------------------------

3. De oproeping tot een algemene vergadering geschiedt door middel van --------------------- oproepingsbrieven aan de adressen van de vergadergerechtigden volgens het register - van aandeelhouders. Indien de vergadergerechtigde hiermee instemt kan de oproeping geschieden door een langs elektronische weg toegezonden leesbaar en -------------------- reproduceerbaar bericht aan het adres dat door hem voor dit doel aan de vennootschap is bekendgemaakt. --------------------------------------------------------------------------

4. De oproeping geschiedt niet later dan op de achtste (8$^{ste}$) dag voor die van de ------------- vergadering. Was die termijn korter of heeft de oproeping niet plaatsgehad, dan kunnen geen wettige besluiten worden genomen, tenzij alle vergadergerechtigden ermee -------- hebben ingestemd dat de besluitvorming plaatsvindt en de directeuren voorafgaand aan de besluitvorming in de gelegenheid zijn gesteld om advies uit te brengen. ----------------

5. Bij de oproeping worden de te behandelen onderwerpen vermeld. -------------------------



6.  Omtrent onderwerpen waarvan de behandeling niet bij de oproeping is aangekondigd --- met inachtneming van de voor de oproeping gestelde termijn, kan niet wettig worden ---- besloten, tenzij alle vergadergerechtigden ermee hebben ingestemd dat de --------------- besluitvorming over die onderwerpen plaatsvindt en de directeuren voorafgaand aan de besluitvorming in de gelegenheid zijn gesteld om advies uit te brengen. --------------------

**Plaats van de vergaderingen.** ------------------------------------------------------------------------

**Artikel 29.** ---------------------------------------------------------------------------------------------

1.  De algemene vergaderingen worden gehouden in de gemeente waar de vennootschap - volgens de statuten haar statutaire zetel heeft. ---------------------------------------------

2.  Een algemene vergadering kan ook elders worden gehouden, mits alle --------------------- vergadergerechtigden hebben ingestemd met de plaats van de vergadering en de ------- directeuren voorafgaand aan de besluitvorming in de gelegenheid zijn gesteld om -------- advies uit te brengen. ------------------------------------------------------------------------

**Voorzitterschap.** --------------------------------------------------------------------------------------

**Artikel 30.** ---------------------------------------------------------------------------------------------

De voorzitter van de algemene vergadering wordt aangewezen door de ter vergadering --------- aanwezige of vertegenwoordigde stemgerechtigden, bij volstrekte meerderheid van de --------- uitgebrachte stemmen. Tot dat ogenblik wordt het voorzitterschap waargenomen door een ----- directeur of bij gebreke daarvan door de in leeftijd oudste ter vergadering aanwezige persoon.

**Vergaderrechten. Besluitvorming in vergadering. Toegang.** ------------------------------------

**Artikel 31.** ---------------------------------------------------------------------------------------------

1.  Het vergaderrecht komt toe aan iedere aandeelhouder en iedere andere ------------------- vergadergerechtigde. ------------------------------------------------------------------------

2.  De vergadergerechtigden kunnen zich ter vergadering door een schriftelijk ---------------- gevolmachtigde doen vertegenwoordigen. ------------------------------------------------

3.  In de algemene vergadering geeft ieder aandeel het recht op het uitbrengen van één (1) stem. --------------------------------------------------------------------------------------

4.  Voor zover de wet of deze statuten geen gekwalificeerde meerderheid voorschrijven ---- worden alle besluiten genomen met volstrekte meerderheid van de uitgebrachte ---------- stemmen. ----------------------------------------------------------------------------------

5.  Staken de stemmen dan is het voorstel verworpen. -------------------------------------

6.  De directeuren zijn bevoegd de algemene vergadering bij te wonen en hebben als ------- zodanig een raadgevende stem. -----------------------------------------------------------

7.  Voor een aandeel dat toebehoort aan de vennootschap of aan een dochtermaatschappij daarvan kan in de algemene vergadering geen stem worden uitgebracht; evenmin voor - een aandeel waarvan een hunner de certificaten houdt. De vennootschap of een --------- dochtermaatschappij daarvan kan eveneens geen stem uitbrengen voor een aandeel --- waarop zij een recht van vruchtgebruik of een pandrecht heeft. ------------------------------

8.  Elke aandeelhouder kan een algemene vergadering bijwonen door middel van ------------

videoconferentie, teleconferentie of een ander soortgelijk communicatiemiddel, mits de betreffende aandeelhouder via dat communicatiemiddel kan worden geïdentificeerd en te allen tijde kan communiceren met de andere aandeelhouder(s) en vice versa. Op verzoek van een aandeelhouder zet de vennootschap een videoconferentie, een telefoonconferentie of een ander soortgelijk communicatiemiddel op, zodat de aandeelhouder vanaf een andere locatie dan de plaats waar de vergadering plaatsvindt, aan de vergadering kan deelnemen, daarin het woord kan voeren en het stemrecht kan uitoefenen. 

9. Omtrent toelating van andere dan de hiervoor in dit artikel genoemde personen beslist de algemene vergadering. 

**Notulen. Aantekeningen van vergaderbesluiten.** 

**Artikel 32.** 

1. Van het verhandelde in elke algemene vergadering worden notulen gehouden door een notulist die door de voorzitter wordt aangewezen. De notulen worden vastgesteld door de voorzitter en de notulist en ten blijke daarvan door hen ondertekend. 

2. De voorzitter of degene die de vergadering heeft belegd, kan bepalen dat van het verhandelde een notarieel proces-verbaal van vergadering wordt opgemaakt. Het proces-verbaal wordt door de voorzitter mede ondertekend. 

3. De directie houdt van alle genomen besluiten aantekening. Indien de directie niet ter vergadering is vertegenwoordigd wordt door of namens de voorzitter van de vergadering een afschrift van de genomen besluiten zo spoedig mogelijk na de vergadering aan de directie verstrekt. De aantekeningen liggen ten kantore van de vennootschap ter inzage van de aandeelhouders en anderen aan wie het vergaderrecht toekomt. Aan ieder van dezen wordt desgevraagd een afschrift of uittreksel van deze aantekeningen verstrekt tegen ten hoogste de kostprijs. 

**Besluitvorming buiten vergadering.** 

**Artikel 33.** 

1. Besluitvorming van aandeelhouders kan ook op andere wijze dan in een vergadering geschieden, mits alle vergadergerechtigden met deze wijze van besluitvorming hebben ingestemd. De stemmen worden schriftelijk uitgebracht. Aan het vereiste van schriftelijkheid van de stemmen wordt tevens voldaan indien het besluit onder vermelding van de wijze waarop ieder van de vergadergerechtigden aan wie het stemrecht toekomt heeft gestemd, schriftelijk is vastgelegd. De directeuren worden voorafgaand aan de besluitvorming in de gelegenheid gesteld om advies uit te brengen.

2. Indien de besluitvorming plaatsvindt overeenkomstig lid 1 zijn alle vereisten omtrent quorum en gekwalificeerde meerderheid zoals bij de wet of deze statuten bepaald van overeenkomstige toepassing, met dien verstande dat buiten vergadering ten minste zoveel stemmen dienen te worden uitgebracht als het quorum vereist voor het desbetreffende besluit.



3. Degenen die een besluit overeenkomstig lid 1 hebben genomen, doen van het aldus ---- genomen besluit onverwijld mededeling aan de directie. De directie houdt van het -------- genomen besluiten aantekening. ---------------------------------------------------------------

**Statutenwijziging.** ------------------------------------------------------------------------------------
**Artikel 34.** -----------------------------------------------------------------------------------------------
De algemene vergadering is bevoegd te besluiten tot wijziging van de statuten van de -------------- vennootschap. Wanneer aan de algemene vergadering een voorstel tot statutenwijziging van de - vennootschap wordt gedaan, moet zulks steeds bij de oproeping tot de algemene vergadering ---- worden vermeld, en moet tegelijkertijd een afschrift van het voorstel waarin de voorgedragen ------ wijziging woordelijk is opgenomen, ten kantore van de vennootschap ter inzage worden gelegd --- voor aandeelhouders tot de afloop van de vergadering. ------------------------------------------------

**Ontbinding en vereffening.** ---------------------------------------------------------------------------
**Artikel 35.** -----------------------------------------------------------------------------------------------
1. De vennootschap kan worden ontbonden door een daartoe strekkend besluit van de ---- algemene vergadering. Wanneer aan de algemene vergadering een voorstel tot ---------- ontbinding van de vennootschap zal worden gedaan, moet dat bij de oproeping tot de --- algemene vergadering worden vermeld. -----------------------------------------------------------
2. In geval van ontbinding van de vennootschap krachtens besluit van de algemene -------- vergadering zijn de directeuren belast met de vereffening van het vermogen van de ----- vennootschap, tenzij de algemene vergadering één (1) of meer andere personen --------- daartoe aanwijst. ---------------------------------------------------------------------------------
3. Gedurende de vereffening blijven de bepalingen van de statuten voor zover mogelijk ---- van kracht. --------------------------------------------------------------------------------------------
4. Hetgeen na voldoening van de schulden van de ontbonden vennootschap is -------------- overgebleven wordt overgedragen aan de aandeelhouders naar evenredigheid van het - bedrag van de verplichte storting op het gezamenlijk nominale bedrag van ieders --------- aandelen. ----------------------------------------------------------------------------------------------
5. Op de vereffening zijn voorts de bepalingen van Titel 1, Boek 2 van het BW van ---------- toepassing. ---------------------------------------------------------------------------------------------
6. Nadat de vennootschap heeft opgehouden te bestaan worden de boeken, bescheiden -- en andere gegevensdragers gedurende zeven (7) jaren bewaard door degene die ------- daartoe door de vereffenaar(s) is aangewezen. -------------------------------------------------

**Slotbepaling. Eerste boekjaar.** --------------------------------------------------------------------
**Artikel 36.** -----------------------------------------------------------------------------------------------
1. Het eerste boekjaar van de vennootschap eindigt op ééndertig december tweeduizend -- ééénentwintig. -----------------------------------------------------------------------------------------
2. Dit artikel vervalt tezamen met zijn opschrift na verloop van het eerste boekjaar. --------------

**Slotverklaringen.** --------------------------------------------------------------------------------------
Ten slotte heeft de comparant, handelend als gemeld, verklaard: -------------------------------------

1. **Geplaatst kapitaal.** ------------------------------------------------------------------------------------
   a. bij de oprichting is geplaatst één (1) aandeel met een nominale waarde van één -- euro (EUR 1), genummerd 1, vertegenwoordigende een geplaatst kapitaal van --- één euro (EUR 1); ----------------------------------------------------------------------------
   b. in het geplaatste kapitaal wordt deelgenomen door de Oprichter; ----------------------
2. **Storting in geld.** ------------------------------------------------------------------------------------
   het geplaatste aandeel wordt a pari geplaatst. Het geplaatste aandeel wordt door de ---- Oprichter volgestort in geld. ------------------------------------------------------------------
   De Oprichter heeft verklaard dat het geplaatste aandeel volledig is volgestort. De --------- vennootschap aanvaardt de storting op het bij de oprichting geplaatste aandeel. Storting in een andere valuta is toegestaan; -------------------------------------------------------------
3. **Eerste directeuren.** --------------------------------------------------------------------------------
   voor de eerste maal wordt tot directeur A benoemd: ------------------------------------------
   - Steven Noah Gordon, geboren te Cornwall, New York, Verenigde Staten van ----- Amerika, op negen oktober negentienhonderd zevenenzestig; ------------------------
   voor de eerste maal worden tot directeuren B benoemd: ------------------------------------
   - Aaltje Wietske Hoogervorst-van Drunen, geboren te Amsterdam, Nederland, op -- vierentwintig augustus negentienhonderd tweeënzestig ; and ------------------------
   - Duncan Lee Rennie, geboren te Bromsgrove, Verenigd Koninkrijk, op zes maart - negentienhonderd zesenzeventig. -----------------------------------------------------

**Volmacht** --------------------------------------------------------------------------------------------
Van de volmacht aan de comparant verstrekt blijkt uit één (1) schriftelijke volmacht gehecht --- aan deze akte als bijlage. ------------------------------------------------------------------------

**Slot** ------------------------------------------------------------------------------------------------
De comparant is mij, notaris, bekend. ------------------------------------------------------------
Waarvan akte, in minuut verleden te Amsterdam, Nederland, op de datum in het hoofd van deze - akte vermeld. Voordat tot voorlezing is overgegaan is de inhoud van deze akte zakelijk aan de ---- comparant opgegeven en toegelicht. Deze heeft daarna verklaard tijdig van de inhoud van de ----- akte te hebben kennisgenomen, daarmee in te stemmen en op volledige voorlezing daarvan geen prijs te stellen. Onmiddellijk na beperkte voorlezing van deze akte is zij door de comparant en mij, notaris, ondertekend. -------------------------------------------------------------------------------
(Volgt ondertekening)

UITGEGEVEN VOOR AFSCHRIFT



14

*In this translation an attempt has been made to be as literal as possible without jeopardising the overall continuity. Inevitably, differences may occur in translation, and if so the Dutch text will by law govern.*

## INCORPORATION OF A PRIVATE COMPANY WITH LIMITED LIABILITY
(*Graviton Bioscience B.V.*)

On the thirteenth day of July two thousand and twenty-one appeared before me, Juliëtte Louise Catharina Schueler, LL.M., civil-law notary in Amsterdam, the Netherlands:

Chantal Koopen, born in Amsterdam, the Netherlands, on the twenty-second day of November nineteen hundred and seventy-one, acting for the purposes hereof as written attorney-in-fact of: **Graviton US Corp.**, a corporation existing under the laws of the State of Delaware, United States of America, having its headquarters at 430 East 29th Street, Suite 945, New York, NY 10016, United States of America, and its registered office at 850 New Burton Road Suite 201, Dover, Kent, DE 19904, United States of America, registered with the Delaware Secretary of State Division of Corporations under number 6048659 (the "**Incorporator**").

The person appearing, acting as aforesaid, declared that the Incorporator hereby incorporates a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) with the following articles of association.

**Articles of association:**

**Definitions.**

**Article 1.**

In these articles of association the following terms shall have the following meaning:

a.    **share**: a share in the share capital of the company;

b.    **shareholder**: holder of one (1) or more shares;

c.    **accountant**: a "registered accountant" or other accountant referred to in article 2:393 DCC or an organisation where such accountants have a practice together;

d.    **general meeting**: the corporate body comprised of shareholders as well as the meeting at which the shareholders and all other persons entitled to attend general meetings assemble;

e.    **inability**: inability (*belet*) as referred to in article 2:244 paragraph 4 DCC, including the event that the relevant managing director claims inability for a certain period of time in writing;

f.    **DCC**: the Dutch Civil Code;

g.  **managing director**: a member of the management board; the expression shall refer to both each managing director A and each managing director B, save as otherwise expressed

h.  **managing director A**: a member of the management board with the title managing director A;

i.  **managing director B**: a member of the management board with the title managing director B;

j.  **management board**: the management of the company;

k.  **qualified majority**: a majority exceeding the absolute majority;

l.  **subsidiary**: a subsidiary of the company as referred to in article 2:24a DCC;

m.  **annual accounts**: the balance sheet and the profit and loss account with explanatory notes, as referred to in article 2:361 DCC;

n.  **in writing**: a message transferred by letter, telefax, e-mail or any other commonly used means of communication that is receivable in writing or electronically, provided that the relevant message or document is legible and reproducible, and that the identity of the sender can be established with sufficient certainty;

o.  **company**: the private company with limited liability of which its internal organization is governed by these articles of association;

p.  **meeting rights**: the right, either in person or by proxy authorized in writing, to attend the general meeting and to address such meeting;

q.  **person entitled to attend general meetings**: a legal entity/individual with meeting rights;

r.  **absolute majority**: fifty percent (50%) plus one (1) vote.

Unless the contrary is shown or it is manifestly intended otherwise, a reference to a concept or word in the singular includes the reference to the plural form of this concept or word and vice versa.

References to "articles" refer to articles which are part of these articles of association, except where expressly indicated otherwise.

**Name and registered seat.**

**Article 2.**

1.  The name of the company is: **Graviton Bioscience B.V.**

2.  The company has its registered seat (*statutaire zetel*) in Amsterdam, the Netherlands.

**Object.**

**Article 3.**

The object of the company comprises:

a.  to develop, import, export, sell and trade pharmaceutical products and products of biotechnology;

b.  to render research and development activities in the field of pharmaceutical products and products of biotechnology;

2

c.   to enter into technology partnerships, technical cooperation and joint ventures;

d.   to incorporate, to participate in any way whatsoever, to manage and supervise businesses and companies;

e.   to finance businesses and companies;

f.   to borrow, to lend and to raise funds, including the issue of bonds, promissory notes or other securities or evidence of indebtedness as well as to enter into any related agreements;

g.   to provide security or in any other way to bind itself joint or severally for any third parties;

h.   to render advice and services to businesses and companies with which the company forms a group and to third parties;

i.   to grant guarantees, to bind the company and to encumber its assets for obligations of companies and businesses with which it forms a group and for obligations of third parties;

j.   to acquire, manage, encumber, exploit and alienate registered property and any assets in general;

k.   to trade in currencies, securities and asset value in general;

l.   to develop, exploit and trade in patents, trademarks, licenses, know-how, licenses and other intellectual and industrial property rights;

m.   to perform any and all activities of an industrial, financial or commercial nature;

as well as anything pertaining to the foregoing, relating or conducive thereto, all in the broadest sense of the word.

**Capital. Shares.**

**Article 4.**

1.   The capital of the company consists of one (1) or more ordinary shares with a nominal value of one euro (EUR 1) each.

2.   At least one (1) share is held by and for the account of anyone other than the company or a subsidiary.

**Registered shares. Share certificates.**

**Article 5.**

1.   All shares are to be registered shares and shall be consecutively numbered from 1 onwards.

2.   No share certificates shall be issued.

**Issuance of shares.**

**Article 6.**

1.   Shares shall be issued pursuant to a resolution of the general meeting. The general meeting may transfer this authority to another corporate body and may also revoke such transfer.

2.   A resolution to issue shares shall stipulate the issue price and the other conditions of the issue.

3.  When issuing shares, the company shall not be entitled to subscribe for its own shares.
4.  The provisions of this article shall apply by analogy to the granting of rights to subscribe for shares, but shall not apply to the issuance of shares to a person exercising a right to subscribe for shares previously granted.
5.  The issuance of shares shall furthermore require a deed executed for that purpose in the presence of a civil-law notary registered in the Netherlands to which those involved are party.

**Rights of pre-emption.**

**Article 7.**

A shareholder has no pre-emptive rights upon an issue of shares or upon a grant of rights to subscribe for shares.

**Payment for shares.**

**Article 8.**

1.  The full nominal amount of each share must be paid when shares are acquired. It may be stipulated that the par value or a part thereof need only be paid after a certain period of time or once the company has called it in.
2.  The management board is authorized to perform legal acts relating to non-cash contributions on shares and other legal acts mentioned in article 2:204 DCC without prior approval of the general meeting.
3.  Payment in a currency other than the currency in which the par value of the shares is denominated is subject to the company's consent.

**Acquisition of own shares.**

**Article 9.**

1.  The management board resolves on the acquisition of shares by the company. Acquisition by the company of shares in its own capital which are not fully paid up, shall be null and void.
2.  The company may, except for no consideration, not acquire fully paid-up shares in its own capital, if:
    a.  the capital, less the acquisition price, is less than the reserves to be retained by virtue of the law or these articles of association, or
    b.  the management board has not given its consent to such acquisition on account of the fact that it is aware or should reasonably be able to anticipate that after the acquisition, the company will not be able to continue to pay its payable debts.
3.  The previous paragraphs do not apply to shares acquired by the company by way of universal title of succession.
4.  Any reference to shares in this article shall also include depository receipts of shares.

**Reduction of capital.**

**Article 10.**

1. The general meeting may resolve to reduce the issued capital by a cancellation of shares or by the reduction of the par value of the shares by way of an amendment to the articles.

2. Capital reduction must be effected in compliance with the respective applicable statutory provisions.

3. A resolution for the reduction of the issued capital with a repayment on the shares shall have no effect as long as the management board has not given its consent. The management board shall only refuse approval if it is aware or should reasonably be able to anticipate that the company can no longer continue to pay its payable debts after repayment on shares.

**Transfer of shares. Shareholders' rights.**

**Article 11.**

1. The transfer of a share shall require a deed executed for that purpose in the presence of a civil-law notary registered in the Netherlands to which those involved are party.

2. Unless the company itself is a party to the legal act, the rights attached to the share can only be exercised after the company has acknowledged said legal act or said deed has been served on the company in accordance with the relevant statutory provisions, or once the company has acknowledged such transfer through registration in the register of shareholders.

**Usufruct. Pledge.**

**Article 12.**

1. A right of usufruct or a right of pledge may be created on shares.

2. The provisions of article 11 shall apply by analogy to the creation or transfer of a usufruct or a pledge in respect of a share.

3. On the creation of a usufruct or a pledge in respect of a share the voting rights may, with due observance of the provisions of the law, be assigned to the usufructuary or pledgee.

4. Shareholders without voting rights as a result of the creation of a usufruct or a pledge and usufructuaries or pledgees with voting rights, shall have meeting rights. Meeting rights may also be granted to the usufructuary or pledgee who does not have voting rights with due observance of the provisions of the law.

**Depository receipts of shares.**

**Article 13.**

No meeting rights can be attached to depository receipts of shares.

**Transferability shares.**

**Article 14.**

The transfer of shares is not restricted as meant in article 2:195 DCC.

**Register of shareholders.**

**Article 15.**

1. The management board shall keep a register in which the names and addresses of all shareholders are recorded, stating the date on which they acquired the shares, the date of the acknowledgement or notification, and the amount paid for each share, and where applicable, the other particulars referred to in article 2:194 DCC.
2. The names and addresses of those with a right of usufruct or a pledge on shares shall also be entered in the register, stating the date on which they acquired the right, and the date of acknowledgement or notification, as well as the rights attached to the respective shares to which they are entitled.
3. Each shareholder, each usufructuary and each pledgee must timely provide any required particulars to the management board.
4. The register shall regularly be updated.
5. The management board shall keep the register available at the company's office for inspection by the persons entitled to attend general meetings.

**Management board.**
**Article 16.**
1. The management board consists of one (1) or more managing directors A and one (1) or more managing directors B. Both natural persons and legal entities may be managing directors.
2. Managing directors B must be resident of the Netherlands for tax purposes.
3. The general meeting shall determine the number of managing directors, provided that the number of managing directors B must at least be equal to the number of managing directors A.

**Appointment, suspension and dismissal.**
**Article 17.**
1. The general meeting shall appoint the managing directors.
2. A managing director may at any time be suspended or dismissed by the general meeting.

**Remuneration.**
**Article 18.**
The general meeting shall determine the remuneration and further conditions of employment for each managing director.

**Duties of the management board. Decision-making process. Allocation of duties.**
**Article 19.**
1. The management board shall be entrusted with the management of the company. In performing their duties, the managing directors shall act in accordance with the interests of the company and of the business connected with it.
2. The management board shall meet whenever a managing director so requires, but at least once a year. A managing director may have himself represented at a meeting of the management board by a co-managing director by virtue of a written proxy.

3.  The management board shall adopt its resolutions by an absolute majority of the votes validly cast in a meeting in which at least one (1) managing director A and one (1) managing director B are present or represented and a majority of the managing directors is present or represented. Aforesaid quorum does not apply if all managing directors of a certain class are excluded from participation in the deliberations and the decision-making process due to a personal conflict of interest as referred to in paragraph 6 of this article. In case of a tie of votes, the general meeting shall decide.
4.  Each managing director is entitled to cast one (1) vote at a meeting of the management board.
5.  If a managing director has a direct or indirect personal conflict of interest with the company and the business connected therewith, he shall not participate in the deliberations and the decision-making process concerned in the management board. If as a result thereof no resolution of the managing board can be adopted, the resolution will be adopted by the general meeting.
6.  The management board may also adopt resolutions outside a meeting, provided such resolutions are adopted in writing and all managing directors with voting rights have consented to adopting the resolution outside a meeting.
7.  In compliance with these articles of association, the management board may determine regulations in which internal matters are regulated. Further to this, the managing directors, whether or not through the regulations, may mutually allocate their duties.
8.  The management board shall adhere to the instructions of the general meeting, unless such instructions are contrary to an overriding interest of the company and the business connected with it.

**Approval of decisions of the management board.**
**Article 20.**
1.  The general meeting is entitled to subject resolutions of the management board to its approval. The management board must be notified in writing of these resolutions, which must be clearly specified.
2.  Lack of approval referred to in paragraph 1 does not affect the authority of the management board or its managing directors to represent the company.

**Absence or inability.**
**Article 21.**
1.  If a managing director is absent or upon the inability of a managing director, the remaining managing directors shall be temporarily entrusted with the entire management of the company, provided that at least one (1) managing director A and one (1) managing director B are not absent or prevented from performing their duties.
2.  If all managing directors, or the sole managing director, of a specific class, A or B, are absent or upon the inability of all managing directors, or the sole managing director, of a specific class, A or B, the management of the company shall be temporarily entrusted to

the person designated for this purpose by the general meeting, together with the managing directors, or managing director, of the other class, or together with the temporary manager of the other class, as the case may be.

3. In the case of absence all managing directors, the person referred to in the previous paragraph shall as soon as possible take the necessary measures to make definite arrangements.

4. When determining to which extent managing directors are present or represented, consent to a manner of adopting resolutions, or vote, no account will be taken of the vacant board seats and managing directors who are unable to perform their duties.

5. The term inability herein means:
   (a)   suspension;
   (b)   illness;
   (c)   unable to contact,
   in the events referred to under paragraphs (b) and (c) of this paragraph 5 without the possibility of contact for a period of five (5) days between the managing director and the company, unless the general meeting, where applicable, sets down a different term.

**Representation.**

**Article 22.**

1. The management board shall be authorised to represent the company. One (1) managing director A and one (1) managing director B acting jointly are also authorised to represent the company.

2. The management board may appoint officers with general or limited powers to represent the company. Each officer represents the company in compliance with any restrictions imposed on his authorization. The management board shall determine their titles. Such officers may be registered with the trade register of the Chamber of Commerce, indicating the scope of their powers to represent the company.

**Financial year. Annual accounts.**

**Article 23.**

1. The financial year of the company coincides with the calendar year.

2. Annually, not later than five (5) months after the end of the financial year, unless due to special circumstances this term is extended by the general meeting by not more than five (5) months, the management board shall draw up the annual accounts and make them available for inspection by the shareholders at the company's office. Within that period the management board must also make the directors' report available for inspection by the shareholders, unless articles 2:396 paragraph 7 or 2:403 of the DCC apply.

3. The annual accounts shall consist of at least a balance sheet, a profit and loss account and explanatory notes.

4.  The annual accounts shall be signed by all managing directors. Absence of a signature of one (1) or more of them shall be reported stating the reasons.

**Accountant.**

**Article 24.**

1.  The company may, and if the law so requires shall, appoint an accountant to audit the annual accounts.
2.  Such appointment shall be made by the general meeting. If the general meeting fails to do so within fourteen (14) days after the request thereto from the management board, such appointment shall be made by the management board. The appointment may at any time be revoked by the general meeting and by those who made the appointment. The appointment may only be revoked for well-founded reasons. A disagreement regarding the method of auditing or regarding audit procedures does not count as such a reason.
3.  The accountant shall produce a report on his audit examination to the management board.
4.  In addition, the accountant shall give the results of his investigations in a statement on the faithfulness of the annual accounts.
5.  The provisions of this article shall not apply if pursuant to the law the company is exempt from the obligation set out in paragraph 1.

**Adoption of the annual accounts. Discharge. Publication.**

**Article 25.**

1.  The general meeting shall adopt the annual accounts. Adoption of the annual accounts shall not cause the discharge of a managing director. The general meeting may discharge a managing director through a separate resolution.
2.  The company shall publish the annual accounts within eight (8) days following the adoption thereof, unless a statutory exemption is applicable.

**Profit distributions.**

**Article 26.**

1.  The general meeting is authorized to appropriate the profits that follow from the adoption of the annual accounts or to determine how a deficit will be accounted for as well as to determine distributions, provided that the company's equity exceeds the total amount of the reserves to be maintained by virtue of the law.
2.  A resolution to distribute is subject to the approval of the management board. The management board shall only withhold its approval if it is aware or could reasonably anticipate that following the distribution the company will be unable to continue to pay its payable debts.
3.  Distributions shall be payable from the day determined by the general meeting.
4.  The general meeting may resolve that distributions from profits or reserves shall be made in whole or in part in a form other than cash.

5. The shares held by the company in its capital are not included in the calculation for the profit distribution.

6. For the computation of the amount to be distributed on each share, only the amount of the obligatory payments on the par value of the shares shall be taken into account.

7. A claim of a shareholder for payment of dividend shall be barred after five (5) years have elapsed.

8. No distributions shall be made on shares held by the company in its own capital, unless these shares have been pledged or a usufruct has been created on these shares and the authority to collect distributions or the right to receive distributions respectively accrues to the pledgee or the usufructuary respectively. For the computation of distributions, the shares on which no distributions shall be made pursuant to this paragraph, shall not be taken into account.

**Annual meeting. Other meetings.**

**Article 27.**

1. During each financial year at least one (1) general meeting, the annual meeting, shall be held, or a resolution will be adopted in accordance with article 33 of these articles of association.

2. The agenda for the annual meeting as referred to in paragraph 1 of this article shall contain - inter alia – the following points for discussion:
   a. the directors' report, if the law requires the drawing of such a report;
   b. the adoption of the annual accounts, unless a postponement has been granted for drawing up the annual accounts;
   c. the appropriation of profits;
   d. granting discharge of managing directors for their management in the last financial year;
   e. any other proposal(s) brought up for discussion by the management board, by the shareholders or other persons entitled to attend the general meeting, representing at least one hundredth (1/100) part of the issued share capital of the company and announced with due observance of these articles of association.

3. Other general meetings shall be held as often as the management board deems necessary.

**Convocation. Agenda.**

**Article 28.**

1. General meetings shall be convened by the management board, notwithstanding paragraph 2 of this article.

2. Shareholders and/or other persons entitled to attend general meetings representing at least one hundredth (1/100) part of the issued share capital of the company may request the management board in writing to convene a general meeting, stating specifically the business to be discussed. If the management board has not given proper and timely

notice of a general meeting such that the meeting can be held within four (4) weeks after receipt of the request, the applicants will be authorized to convene a meeting themselves.

3. The notice convening the meeting is given through letters mailed to the addresses of the persons entitled to attend general meetings as shown in the register of shareholders. If the person entitled to attend general meetings agrees with this, the convocation may be sent electronically through a legible and reproducible message to the address the company has been notified of for this purpose.

4. The convocation shall take place no later than on the eighth (8th) day prior to the date of the meeting. If the term was shorter or no convocation has taken place, no valid resolutions can be adopted unless all persons entitled to attend general meetings have consented to the decision-making process and the managing directors have been given the opportunity to render advice prior to the decision-making process.

5. The agenda items shall be stated in the convocation.

6. An item for discussion which was not included in the convocation with due observance of the convocation term, cannot be validly adopted, unless all persons entitled to attend general meetings have consented to the decision-making on these items and the managing directors have been given the opportunity to render advice prior to the decision-making process.

**Meeting place.**

**Article 29.**

1. The general meetings shall be held in the municipality in which the company has its registered seat according to these articles of association.

2. A general meeting can also be held elsewhere, provided that all persons entitled to attend general meetings have consented to the place of the meeting and the managing directors have been given the opportunity to render advice prior to the decision-making process.

**Chairman.**

**Article 30.**

The chairman of a general meeting shall be appointed by the persons entitled to vote present or represented at the meeting, with a majority of the votes cast.

Until that moment a managing director shall act as chairman or in the absence of such a managing director, the oldest person present at the meeting shall act as chairman.

**Meeting rights. Decisions at a meeting. Access.**

**Article 31.**

1. The meeting rights accrue to each shareholder and each other person entitled to attend general meetings.

2. The persons entitled to attend general meetings may be represented by a written proxy at the meeting.

3. Each share confers the right to cast one (1) vote at the general meeting.

4. To the extent the law or these articles of association do not require a qualified majority, all resolutions shall be adopted by an absolute majority of the votes cast.

5. In the case of a tie, the proposal shall be considered rejected.

6. The managing directors are entitled to attend the general meeting and have an advisory vote as such.

7. No vote may be cast during a general meeting for a share that belongs to the company or a subsidiary, or for a share of which one of them holds depository receipts. The company or a subsidiary cannot either cast a vote for a share for which it has a right of usufruct or pledge.

8. Each shareholder may participate in a general meeting by a video conference, a telephone conference or any other similar means of communication, provided that such shareholder can be identified through such means of communication and can communicate with the other shareholder(s) at all times and vice versa. At the request of a shareholder, the company shall set up a video conference, a telephone conference or any other similar means of communication to enable that the shareholder may participate in the meeting from a location other than the location of the meeting, to address such meeting and exercise its voting rights.

9. The general meeting shall decide on the admittance of persons other than those mentioned above in this article with respect to access to general meetings.

**Minutes. Records of resolutions.**

**Article 32.**

1. Minutes shall be taken of the items discussed at each general meeting by a secretary to be designated by the chairman. The minutes shall be adopted by the chairman and the secretary, and signed as evidence of the adoption of the minutes.

2. The chairman or the person who convened the meeting may decide that a notarial report of the meeting be drawn up of the items discussed. The report shall be counter-signed by the chairman.

3. The management board keeps a record of the resolutions passed. If the management board is not represented at a meeting, the chairman of the meeting shall provide the management board with a transcript of the resolutions made as soon as possible after the meeting. The records shall be deposited at the offices of the company for inspection by the shareholders and other persons entitled to attend general meetings. Upon request, each of them shall be provided with a copy or an extract of such record at not more than the actual costs.

**Resolutions outside the meetings.**

**Article 33.**

1. Resolutions of shareholders may be adopted in a manner other than at a meeting, provided that all the persons entitled to attend at the general meeting have consented to

this decision-making method. The votes shall be cast in writing. The requirement of the written element of the voting shall also have been fulfilled once the resolution has been recorded in writing, stating the manner in which each of the persons entitled to attend general meetings with voting rights has cast his/her vote.

The managing directors are given the opportunity to advise regarding such resolution prior to the adoption thereof.

2.   If the decision-making process takes place in accordance with paragraph 1, all the requirements with regard to the quorum and the qualified majority provided by law or by these articles shall be accordingly applicable, providing that outside the meeting at least an equal number of votes must be cast as required by the quorum for the respective resolution.

3.   Those who have adopted a resolution as referred to under paragraph 1 of this article shall forthwith notify the management board.

The management board shall keep a record of the resolutions made.

**Amendment of the articles of association.**

**Article 34.**

The general meeting is entitled to resolve to amend the articles of association the company. When a proposal to amend the articles of association is to be made at the general meeting, such proposal must be included in the convocation for the general meeting, and a copy of the proposal including the text of the proposed amendment must concurrently be deposited at the company's office for the inspection by shareholders until the end of the meeting.

**Dissolution and liquidation.**

**Article 35.**

1.   The company may be dissolved pursuant to a resolution to that effect by the general meeting. When a proposal to dissolve the company is to be made at the general meeting, such proposal must be included in the convocation for the general meeting.

2.   In the event of a dissolution of the company by virtue of a resolution of the general meeting, the managing directors shall be charged with the liquidation of the company's assets, unless the general meeting appoints one (1) or more other persons for this purpose.

3.   During liquidation, the provisions of these articles of association shall remain in force as much as possible.

4.   The balance remaining after payment of debts of the dissolved company shall be transferred to the shareholders in proportion to the amount of the obligatory payments on the aggregate par value of their shareholding.

5.   The liquidation shall furthermore be subject to the provisions of Title 1, Book 2 of the DCC.

6.    After the company has ceased to exist, the books, documents and other data carriers
      shall be retained by the person thereto appointed by the liquidator(s) for a period of
      seven (7) years.

**Final provision. First financial year.**

**Article 36.**

1.    The first financial year of the company shall end on the thirty-first day of December two
      thousand and twenty-one.

2.    This article together with its heading shall expire after the end of the first financial year.

**Final statements.**

In conclusion, the person who appeared, acting as aforesaid, declared:

1.    **Issued capital.**
      a.    at the incorporation one (1) share has been issued with a nominal value of one
            euro (EUR 1), numbered 1, representing an issued capital of one euro (EUR 1);
      b.    the Incorporator shall participate in the issued capital.

2.    **Payment in money.**
      The issued share is issued at par. The issued share is paid up in cash by the
      Incorporator.
      The Incorporator declared that the share has been fully paid up. The company accepts
      the payment on the share issued at the incorporation.
      Payment in foreign currency is permitted.

3.    **Initial managing directors.**
      appointed as first managing director A is:
      -     Steven Noah Gordon, born in Cornwall, New York, United States of America, on
            the ninth day of October nineteen hundred sixty-seven;
      appointed as first managing directors B are:
      -     Aaltje Wietske Hoogervorst-van Drunen, born in Amsterdam, the Netherlands, on
            the twenty-fourth day of August nineteen hundred sixty-two; and
      -     Duncan Lee Rennie, born in Bromsgrove, United Kingdom, on the sixth day of
            March nineteen hundred seventy-six.

**Power of attorney.**

The proxy granted to the person appearing appears from one (1) written power of attorney, a
copy of which has been attached to this deed.

**Final.**

The person appearing is known to me, civil law notary.

THIS DEED, drawn up to be kept in the civil law notary's custody was executed in Amsterdam,
the Netherlands, on the date first above written.

The contents of this instrument were given and explained to the person appearing. The person
appearing then declared that the person appearing had timely noted and approved the contents

and did not want a full reading thereof. Thereupon, after limited reading, this instrument was signed by the person appearing and by me, civil law notary.