**HERBERT SMITH FREHILLS KRAMER (US) LLP**
Paul H. Schoeman
Jonathan M. Wagner
Irene Weintraub
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100

*Attorneys for Defendants Maisonrouge and Simon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EQUILIBRE BIOPHARMACEUTICALS CORP.,<br><br>                      Debtor. | Chapter 7<br><br>Case No. 23-12099 (PB) |
| GREGORY M. MESSER, Solely in His Capacity as Chapter 7 Trustee of the Estate of Equilibre Biopharmaceuticals Corp.,<br><br>                      Plaintiff,<br><br>                      v.<br><br>SAMUEL WAKSAL, individually, as the former Chairperson, Chief Executive Officer, and President of Equilibre Biopharmaceuticals Corp. Chairperson, and Chief Executive Officer and President of Graviton Bioscience Corporation, Graviton Bioscience Holding Corporation, Graviton US Corp. (USA), and Graviton Bioscience B.V., FRANCOIS MAISONROUGE, RUI WU, PETER SIMON, GRAVITON BIOSCIENCE CORPORATION, GRAVITON BIOSCIENCE HOLDING CORPORATION, GRAVITON US CORP. (USA), GRAVITON BIOSCIENCE B.V., BIHUA CHEN,<br><br>                      Defendants. | Adv. Proc. No. 25-01087 (PB) |

## REPLY IN SUPPORT OF DEFENDANTS MAISONROUGE AND SIMON'S MOTION TO DISMISS

# TABLE OF CONTENTS

Page

Table of Authorities ....................................................................................................................... ii

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 2

    I.   THE TRUSTEE DOES NOT DISPUTE THAT DEFENDANTS ARE
        EXCULPATED FROM ANY DUTY OF CARE CLAIM ................................................. 2

    II.  THE FAC DOES NOT STATE A DUTY OF LOYALTY CLAIM ................................. 2

        A.  The FAC Does Not Satisfy Either Rule 8(a) or Rule 9(b) ............................................ 3

        B.  The FAC Does Not Properly Plead a *Caremark* Oversight Claim ............................... 4

    III. THE TRUSTEE HAS NOT PROPERLY PLEADED AN AIDING AND
        ABETTING CLAIM .......................................................................................................... 7

    IV. THE FAC DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE
        WITH PROSPECTIVE ECONOMIC ADVANTAGE ...................................................... 8

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases** **Page**

*In re Allou Distributors, Inc.*,
 387 B.R. 365 (Bankr. E.D.N.Y. 2008) ................................................................. 4 n.1

*In re AlphaStar Ins. Grp. Ltd.*,
 383 B.R. 231 (Bankr. S.D.N.Y. 2008) ...................................................................... 3, 4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................................................... 2, 3

*CBS Corp. v. Dumsday*,
 268 A.D.2d 350 (1st Dep't 2000) ............................................................................ 10 n.5

*Corp. Risk Holdings LLC v. Rowlands*,
 2018 WL 9517195 (S.D.N.Y. Sept. 28, 2018) ............................................................ 6, 7

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*,
 50 N.Y.2d 183 (1980) ............................................................................................. 10 n.5

*Hughes v. Hu*,
 2020 WL 1987029 (Del. Ch. Apr. 27, 2020) ............................................................. 5 n.2

*Inspired Cap., LLC v. Condé Nast*,
 803 F. App'x 436 (2d Cir. 2020) ................................................................................ 7, 8

*King v. Schonberg & Co.*,
 233 A.D.2d 242 (1st Dep't 1996) ............................................................................. 8 n.4

*Kolbeck v. LIT Am., Inc.*,
 939 F. Supp. 240 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998) ................... 8 n.4

*Mayo, Lynch & Assocs., Inc. v. Fine*,
 148 A.D.2d 425 (2d Dep't 1989) ............................................................................. 10 n.5

*In re McDonald's Corp. S'holder Derivative Litig.*,
 291 A.3d 652 (Del. Ch. 2023) ..................................................................................... 4, 5

*Nat'l Westminster Bank USA v. Weksel*,
 124 A.D.2d 144 (1st Dep't), *appeal denied*, 70 N.Y.2d 604 (1987). .......................... 8 n.4

*Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*,
 2015 WL 4097927 (S.D.N.Y. July 6, 2015) ..................................................................... 7

*In re Sharp Int'l Corp.*,
 281 B.R. 506 (Bankr. E.D.N.Y. 2002), *aff'd*, 302 B.R. 760 (Bankr. E.D.N.Y.
 2003), *aff'd*, 403 F.3d 43 (2d Cir. 2005) ................................................................... 8 n.4

*Teamsters Local 443 Health Servs. & Ins. Plan v. Chou*,
    2020 WL 5028065 (Del. Ch. Aug. 24, 2020) ....................................................................5 n.2

*In re WB Bridge Hotel LLC*,
    671 B.R. 887 (Bankr. S.D.N.Y. 2025) ................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8(a) ........................................................................................................................3

Fed. R. Civ. P. 9(b) ....................................................................................................................3, 4

## INTRODUCTION

Nothing raised in the Trustee's opposition detracts from our showing that the First Amended Complaint ("FAC") does not satisfy elemental pleading requirements—and does not come close to stating a claim against defendants Maisonrouge and Simon.

● The Trustee does not dispute that under Equilibre's Certificate of Incorporation, Messrs. Maisonrouge and Simon are exculpated from liability for any breach of duty of care.

● As for a duty of loyalty claim, the Trustee's brief in opposition does nothing more than restate the same rote elements and conclusory allegations contained in the FAC—still failing to identify (i) what intellectual property was supposedly converted by the Graviton Defendants and, more critically, (ii) how Messrs. Maisonrouge and Simon played any role in any alleged conversion. Nor does the Trustee state how Messrs. Maisonrouge and Simon purportedly failed in their oversight duties; the Trustee's brief recites the same boilerplate allegations contained in the FAC, without pointing to any conscious failure to implement controls or heed red flags—well-established pleading requirements for a *Caremark* oversight claim.

● The Trustee does not address the many legal deficiencies marring its tortious interference claim. The Trustee's brief does not and cannot cite any portion of the FAC alleging that Messrs. Maisonrouge or Simon (i) caused Equilibre to lose out on identifiable investments, (ii) acted with the requisite wrongful purpose, or (iii) even made any false and defamatory statements as required to meet the "wrongful means" element of this claim. Equally striking, the Trustee's brief doubles down on factual allegations in the FAC that Trustee's counsel has since rescinded. No attempt is made to address Trustee counsel's admission that the FAC purports to quote an email that counsel does not even have, and which was apparently directed to a non-party with no connection to Equilibre. Instead, the Trustee's brief blithely cites the same retracted allegations contained in the FAC.

Having had a full and fair opportunity—twice—to state claims against Messrs. Maisonrouge and Simon, the Trustee still has not pleaded a viable claim. For these reasons and others set forth below and in the moving papers, the claims against Messrs. Maisonrouge and Simon should now be dismissed with prejudice.

**ARGUMENT**

**I. THE TRUSTEE DOES NOT DISPUTE THAT DEFENDANTS ARE EXCULPATED FROM ANY DUTY OF CARE CLAIM**

As set forth in Defendants' Moving Brief, any claim against Messrs. Maisonrouge and Simon for breach of duty of care is legally barred: Equilibre's Certificate of Incorporate exculpates both defendants from liability for such purported breaches. *See* Moving Br. (ECF No. 34) at 8. The Trustee's brief does not address this point at all.

**II. THE FAC DOES NOT STATE A DUTY OF LOYALTY CLAIM**

The Trustee's opposition does nothing more than repeat the same conclusory duty of loyalty allegations in the FAC. This approach collides head-on with *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—all that the Trustee offers here—"do not suffice" to survive a motion to dismiss. *Id.* (citation omitted). Beyond that, virtually the entire Statement of Facts section and several portions of the Argument section of the Trustee's brief match exactly those sections of the Trustee's brief in opposition to the *Graviton* Defendants' motion to dismiss—further highlighting that the FAC lacks the required specific factual allegations as to Messrs. Maisonrouge and Simon. *Compare* Plaintiff's Opposition to Maisonrouge and Simon Motion to Dismiss ("Pl. Br.") (ECF No. 37) at 2-5, 15-17, *with* Plaintiff's Opposition to Graviton Defendants' Motion to Dismiss ("Pl. Graviton Br.") (ECF No. 38) at 2-5, 18-20. Under the well-established *Iqbal* standard, these the boilerplate allegations "do not suffice." *Iqbal*, 556 U.S. at 678.

A.  The FAC Does Not Satisfy Either Rule 8(a) or Rule 9(b)

The Trustee does not dispute that the heightened pleading requirements of Rule 9(b) apply. Instead, the Trustee asserts that he has met the pleading standards of Rules 8(a) and 9(b) because Messrs. Maisonrouge and Simon "knowingly participated in and substantially assisted Waksal's breaches by permitting him to divert corporate assets . . . ; failing to act despite actual knowledge of misconduct . . . ; and concealing and approving Waksal's actions." Pl. Br. 10. In support, the Trustee cites FAC paragraphs 121 and 122, which contain this same conclusory language, without any factual detail. As demonstrated in Defendants' Moving Brief, and in a fatal omission, the FAC does not provide any particulars as to what actions Messrs. Maisonrouge and Simon took or didn't take, how they allegedly assisted in the conversion of intellectual property—or what intellectual property is even at issue. *See* Moving Br. 9-12. In fact, as highlighted in the Graviton Defendants' briefing, the FAC does not even state a claim for conversion.

The Trustee's brief likewise does not explain how any alleged assistance of Mr. Waksal by Messrs. Maisonrouge and Simon resulted in damage to Equilibre. The brief merely restates the FAC's bare assertion that Messrs. Maisonrouge and Simon caused Equilibre to lose some unidentified intellectual property and suffer an unspecified "dissipation of corporate value." Pl. Br. 10. These vague allegations do not satisfy fundamental pleading requirements. *See* Moving Br. 10-11 (citing cases dismissing duty of loyalty claims when, as here, pleadings were devoid of factual allegations articulating how and when defendants caused financial detriment to the company or engaged in self-dealing); *Iqbal*, 556 U.S. at 678.

Finally, to the extent the Trustee argues that his status as Trustee of the Equilibre estate permits him to skirt the pleading standards of Rules 8 and 9, *see* Pl. Br. 8, the Trustee misstates the legal standard. Courts do not confer on bankruptcy trustees a free pass to evade the Federal Rules. *See, e.g.*, *In re AlphaStar Ins. Grp. Ltd.*, 383 B.R. 231, 256 (Bankr. S.D.N.Y. 2008)

(dismissing Trustee's duty of loyalty claim; "[t]he liberal pleading rules do 'not authorize parties to use an insufficient complaint with a conclusory allegation as a hunting license to discover whether in fact a viable claim may be alleged'") (citation omitted); *In re WB Bridge Hotel LLC*, 671 B.R. 887, 902-03 (Bankr. S.D.N.Y. 2025) (analyzing Rule 9(b) and finding that "even where the fraud claims are asserted by a bankruptcy trustee, general allegations are insufficient . . . and the trustee must plead the time and place and content of the misrepresentations, and facts with respect to the consequences of the fraud") (internal quotations and citation omitted).[1]

      B.      <u>The FAC Does Not Properly Plead a *Caremark* Oversight Claim</u>

The Trustee's assertion that the FAC states a *Caremark* claim (Pl. Br. 10-11) is unsupported by a single allegation in the FAC.

To state a *Caremark* claim, "a plaintiff must plead particularized facts that the board knew of evidence of corporate misconduct—the proverbial red flag—yet acted in bad faith by consciously disregarding its duty to address that misconduct." *In re McDonald's Corp. S'holder Derivative Litig.*, 291 A.3d 652, 677 (Del. Ch. 2023) ("The pled facts must support an inference that the failure to take action was sufficiently sustained, systematic, or striking to constitute action in bad faith.") (internal quotations and citation omitted). While the Trustee's brief recites the rote elements of a *Caremark* claim, *see* Pl. Br. 11-12, the FAC itself does not plead any facts supporting these elements. Nor does the pleading even reference these elements. The Trustee has not cited a single factual allegation suggesting that Messrs. Maisonrouge and Simon, independent and disinterested directors, failed to implement reporting systems or consciously disregarded red flags

---

[1] The Trustee's reliance on *In re Allou Distribs., Inc.*, 387 B.R. 365, 387 (Bankr. E.D.N.Y. 2008), *see* Pl. Br. 8, is of no help to the Trustee on this motion. There, the court *did* dismiss the trustee's fraud claim for failure to identify any particular false representation that defendants made. The court upheld an aiding and abetting claim only because the complaint identified specific fictitious sales and purchases through which the estate's money was laundered. *In re Allou*, 387 B.R. at 410-12. As demonstrated in the moving papers, the FAC lacks that level of specificity.

brought to their attention—elements required to state a *Caremark* claim. *See In re McDonalds*, 291 A.3d at 677.[2]

Likewise fatal to this claim, the Trustee's *Caremark* claim is belied by the Trustee's own recitation of the facts in the FAC and Opposition Brief. Both detail the actions that Messrs. Maisonrouge and Simon took upon receiving reports of Defendant Waksal's alleged misconduct. *See* Pl. Br. 3. As the Trustee himself notes, Equilibre's Audit Committee, upon which Messrs. Maisonrouge and Simon served (FAC ¶¶ 17, 19), "initiated an independent investigation into serious allegations of misconduct by Waksal" upon receiving reports of misconduct. Pl. Br. 3. They in turn retained two prominent law firms to conduct the investigation and ultimately recommended Mr. Waksal's termination when the investigation concluded. *Id. See also* FAC ¶¶ 46-53. Thus, according to the FAC itself, Messrs. Maisonrouge and Simon made a good faith, conscientious effort to address red flags brought to their attention. *Id.*

To try to fill the legal holes in his claim, the Trustee nevertheless declares that the FAC "set[s] forth extensive facts" of Messrs. Maisonrouge and Simon's alleged oversight failure. *See* Pl. Br. 11-12. However, Trustee's brief largely cites paragraphs of the FAC that do not even mention either defendant. *Id.* The Trustee cites portions of the FAC merely describing outside

---

[2] The cases cited by the Trustee at Pl. Br. 12 underscore what is necessary but missing from the FAC to sustain a *Caremark* claim. *See Teamsters Local 443 Health Servs. & Ins. Plan v. Chou*, 2020 WL 5028065, at *19-20 (Del. Ch. Aug. 24, 2020) (board effectively ignored, among other red flags, the findings of an internal investigation and recommendation from Davis Polk); *Hughes v. Hu*, 2020 WL 1987029, at *14-15 (Del. Ch. Apr. 27, 2020) (audit committee had clear notice of irregularities and acknowledged pervasive problems with its internal controls, but consciously turned a blind eye, failing to meet regularly or discuss important issues, and approving related-party transactions). As noted above, and going in the exact opposite direction from these cases, the FAC itself pleads that the Equilibre Audit Committee—including Maisonrouge and Simon—acted upon the recommendation of two law firms, who at their request conducted an investigation of Mr. Waksal, and then fired Mr. Waksal. FAC ¶¶ 46-53.

counsel's investigation of Mr. Waksal's conduct, the findings of that investigation, and the conduct of co-defendant Rui Wu. *See* FAC ¶¶ 47-48, 50-52.

The Trustee's brief also cites portions of the FAC alleging that Messrs. Maisonrouge and Simon informed Equilibre investors that the Company was being mismanaged. *Id.* ¶¶ 59-60. Such conduct, even if it occurred, does not evince a conscious failure to monitor or oversee operations, as required for an oversight claim. And more critically, the Trustee's counsel has rescinded these allegations. *See* Moving Br. 6, 16; Wagner Decl. (ECF No. 35) at Exh. A. The Trustee continues to cite the FAC's allegation that defendants sent a supposedly defamatory email to Equilibre investor ARE—even though Trustee's counsel has since represented that no such email was sent to ARE. Rather, the email was sent to "a former business associate of Waksal" who had no stake in or connection to Equilibre. *Id.* Why does the Trustee's brief continue citing the same allegation as if his counsel had not retracted it? No justification is offered.

Finally, and even putting aside these bedrock pleading failures, the FAC alleges at most negligence or gross negligence on the part of Messrs. Maisonrouge and Simon—not enough to establish a duty of loyalty claim. *See* FAC ¶ 68 (alleging that "[u]pon information and belief, the Defendants Maisonrouge, Wu and Simon failed to take any corrective measures and their intentional or unintentional negligent oversight materially assisted Waksal . . . ."); Pl. Br. 10 (asserting the "Equilibre's directors . . . [were] grossly negligent in their supervision of corporate dealings"). By these allegations, the Trustee overlooks that negligence—and even gross negligence—do not trigger liability for a duty of loyalty claim, including a *Caremark* claim, and are insufficient as a matter of law even if grounded in plausible factual allegations. Rather, a duty of loyalty claim requires something more than gross negligence—a showing of "bad-faith conscious disregard." In *Corp. Risk Holdings LLC v. Rowlands*, 2018 WL 9517195, at *7

(S.D.N.Y. Sept. 28, 2018) the court noted the "classic" difference between duty of care and duty of loyalty claims, and explained that while duty of care requires gross negligence—here, exculpated under the Equilibre Certificate of Incorporation—duty of loyalty requires allegations of "'bad-faith conscious disregard of fiduciary duties.'" *Id.* (citation omitted). The court dismissed plaintiff's *Caremark* claim, which alleged at most a mismanagement of business risks, and as here failed to plead "bad faith misconduct." *Id. See also Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4097927, at *13 (S.D.N.Y. July 6, 2015) ("[A] breach of a fiduciary's duty of care requires a showing of gross negligence and a violation of the duty of loyalty requires proof of willful misconduct.") (internal quotations and citation omitted).[3]

## III. THE TRUSTEE HAS NOT PROPERLY PLEADED AN AIDING AND ABETTING CLAIM

Like his fiduciary duty claim, the Trustee's aiding and abetting claim does not allege plausible or particularized facts. The FAC does not provide any detail how Messrs. Maisonrouge or Simon participated in Mr. Waksal's alleged misconduct, let alone let alone did so knowingly. *See* Moving Br. 14-15; *see also Inspired Cap., LLC v. Condé Nast*, 803 F. App'x 436, 439 (2d Cir. 2020) (affirming dismissal of aiding and abetting breach of fiduciary duty claims when the facts

---

[3] In passing, the Trustee contends that Mr. Maisonrouge was "specifically made aware of [Mr. Waksal's] child dosing" in 2022 when Mr. Maisonrouge administered ivermectin to his own dog. Pl. Br. 4; *see also* FAC ¶ 66. This allegation is at odds with the FAC's concession that Mr. Maisonrouge initiated an internal investigation when made aware of reports of Mr. Waksal's conduct. *Id.* ¶¶ 46-53. More importantly, the fiduciary duty allegations against Messrs. Maisonrouge and Simon are centered on supposed but unspecified actions in assisting Mr. Waksal's conversion Equilibre's intellectual property in 2023 after Equilibre discharged Mr. Waksal. *See* FAC ¶ 122. Notably, the FAC's Prayer for Relief seeks relief only with respect to the conversion of intellectual property. *Id.* at page 33. Whether or not Mr. Maisonrouge was aware that Mr. Waksal allegedly procured ivermectin for a child in 2022 is not relevant to that claim. Likewise, the Trustee's allegation that Mr. Waksal, while Equilibre's Chairman, placed a member of Mr. Simon's family on Equilibre's payroll (*id.* at ¶ 49), is not relevant to the alleged conversion of Equilibre intellectual property in 2023, which supposedly occurred after Mr. Waksal was no longer at Equilibre.

alleged did not give rise to an inference of knowing participation; "we are not required to credit conclusory allegations or legal conclusions couched as factual allegations") (internal quotations omitted).[4]

## IV. THE FAC DOES NOT STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

The Trustee's opposition does not address the many legal deficiencies cited in Defendants' Moving Brief at 16-20 defeating his tortious interference claim. The FAC does not allege plausible facts to support any—not a single one—of the basic prerequisites of a claim for tortious interference with prospective economic advantage: (i) actual business relations between Equilibre and a third party; (ii) Messrs. Maisonrouge and Simon's interference with those business relations; (iii) wrongful means on the part of Messrs. Maisonrouge and Simon; and (iv) injury.

Ignoring these failures, the Trustee cites portions of the FAC that do not even reference Messrs. Maisonrouge and Simon. In fact, this section of the Trustee's brief largely tracks the

---

[4] Even accepting as true the Trustee's allegation that Mr. Maisonrouge had a 6% stake in Graviton (FAC ¶ 72), that does not demonstrate any "knowing[] participat[ion] in and substantial[] assist[ance] [of] Waksal's breaches," as the Trustee contends. Pl. Br. 14.

The Trustee cites several cases in support of the claim that Messrs. Maisonrouge and Simon knowingly participated in Mr. Waksal's alleged breach. *Id.* In each case, however, the court *dismissed* the aiding and abetting claim for failure to plead sufficient facts. *See Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 247-48 (S.D.N.Y. 1996) (aiding and abetting claim dismissed; plaintiff did not allege sufficient facts to infer knowing participation), *aff'd*, 152 F.3d 918 (2d Cir. 1998); *In re Sharp Int'l Corp.*, 281 B.R. 506, 515-16 (Bankr. E.D.N.Y. 2002) (aiding and abetting claim dismissed because actual knowledge and substantial assistance not adequately pleaded), *aff'd*, 302 B.R. 760 (Bankr. E.D.N.Y. 2003), *aff'd*, 403 F.3d 43 (2d Cir. 2005); *King v. Schonberg & Co.*, 233 A.D.2d 242, 242-43 (1st Dep't 1996) (affirming dismissal; "complaint was devoid of any factual allegation" with respect to reliance, causation, or damages); *Nat'l Westminster Bank USA v. Weksel*, 124 A.D.2d 144, 144, 147–49 (1st Dep't) (motion to dismiss granted where plaintiff failed to allege what fraudulent statements defendant made, any conduct probative of cooperation in a fraudulent scheme, or any facts indicative of intent to aid the commission of a fraud; "the complaint is devoid of any but the most conclusory allegations that defendant knew or should have known that allegedly misleading documents" would be used in the commission of a fraud), *appeal denied*, 70 N.Y.2d 604 (1987).

tortious interference section in the Trustee's opposition to the *Graviton* Defendants' motion to dismiss, and cites paragraphs of the FAC that concern the conduct of other defendants and have nothing to do with Messrs. Maisonrouge and Simon. *Compare* Pl. Br. 15-17, *with* Pl. Graviton Br. 18-20. For example, the Trustee's brief contends that "the FAC sets forth the manner in which [Equilibre's] relationships [with third parties] were directly interfered with by Defendants," Pl. Br. 16, and cites FAC paragraphs 55-56, 58, 95, 163. None of those paragraphs even mentions Messrs. Maisonrouge or Simon. The Trustee's Brief further attempts to obscure the parties and the FAC allegations by initially defining "Defendants" as Messrs. Maisonrouge and Simon, *see* Pl. Br. 1, but later using the term "Defendants" also to refer to co-defendants Waksal, Wu, Chen, and Graviton. *Id.* at 16-17. The Federal Rules do not countenance this slippery approach.

Equally fatal, the Trustee's brief continues to cite allegations in the FAC that Trustee's counsel has since retracted. As noted at page 6 above, the Trustee relies on an allegation that Messrs. Maisonrouge and Simon sent an email to an Equilibre investor defaming the Company, and purports to quote from the email. Trustee's counsel has admitted, however, that (i) he does not have the email—so it is hard to see how the FAC could quote it—and (ii) the email was sent to a third-party who had no stake in Equilibre or its performance or management. *See* Moving. Br. 6; Wagner Decl. Exh. A.

Apart from the retracted allegations, the Trustee does not identify any other Equilibre investor or how or when Messrs. Maisonrouge and Simon contacted or otherwise interfered with such investor. Nor does the Trustee allege any false statement or any other element necessary to plead defamation—the supposed wrongful means used by Messrs. Maisonrouge and Simon to interfere with Equilibre's economic relations. *See* Moving Br. 17-20. And consistent with the Trustee's careless way with the pleadings, his assertion that the FAC pleads wrongful means, Pl.

- 9 -

Br. 17, cites exclusively to portions of the FAC—paragraphs 135, 144 and 163—that concern other defendants and do not reference Messrs. Maisonrouge and Simon at all.[5]

\* \* \*

In sum, the Trustee's pleading and opposition offer nothing more than perfunctory, lip service efforts to comply with elemental pleading requirements—no basis to forestall dismissal.

## CONCLUSION

Because the Trustee has now twice attempted and failed to state a claim against Messrs. Maisonrouge and Simon, the Court should dismiss the FAC as to these defendants with prejudice and without leave to replead. *See* Moving Br. 21-22.

| | |
|---|---|
| Dated: New York, New York<br>November 10, 2025 | HERBERT SMITH FREEHILLS KRAMER (US) LLP<br><br>/s/ *Paul H. Schoeman*<br>Paul H. Schoeman<br>Jonathan M. Wagner<br>Irene Weintraub<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-9100<br>Email: Paul.Schoeman@hsfkramer.com<br>       Jonathan.Wagner@hsfkramer.com<br>       Irene.Weintraub@hsfkramer.com<br><br>*Attorneys for Defendants Maisonrouge and Simon* |

---

[5] The Trustee's tortious interference cases cited at Pl. Br. 17 actually highlight the Trustee's pleading deficiencies. In *Mayo, Lynch & Assocs., Inc. v. Fine*, 148 A.D.2d 425 (2d Dep't 1989), the court affirmed the dismissal of plaintiff's claim because the complaint did not adequately plead any wrongful or fraudulent conduct. *Id.* at 425-26. Likewise, in *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183 (1980), in considering a claim for tortious interference with a contract—a claim different from that pleaded here, namely interference with prospective economic advantage—the court dismissed the claim, finding that plaintiff had not demonstrated wrongful means. *Id.* at 196 (plaintiff showed "mere knowing persuasion," not "fraud, misrepresentation, threats, other wrongful conduct"). And in *CBS Corp. v. Dumsday*, 268 A.D.2d 350 (1st Dep't 2000), plaintiffs put forth specific allegations of fraudulent conduct—allegations that are absent from the FAC. *Id.* at 351-53 (plaintiff alleged specific facts concerning defendants' successive resignations and formation of a competing company using their former employer's confidential information).